No. 873

KELLER v. BOONE

Ohio Appeals, 2nd Dist., Montgomery Co.

No. 692. Decided May 27, 1926

460. EQUITY—Where a party erects buildings upon his lot, and upon a portion of an adjoining owner's lot because of an error of said owner in pointing out the boundary line; and the Common Pleas Court renders judgment in favor of said owner, the party building cannot retain the disputed tract when, during pendency of the case in the Court of Appeals, his buildings are destroyed by fire.

BY THE COURT.

Benjamin Boone instituted this action against John Keller in the Montgomery Common Pleas to recover a small tract of land which was in dispute, Boone & Keller being owners of ad-

joining lots. The court rendered judgment in favor of Boone for a tract described in the journal entry and awarded damages against Keller for unlawful possession of land.

Error was prosecuted and Keller claimed that when he bought his lot, Boone pointed out the boundary line thereof; and he (Keller) relying thereon, erected buildings on his lot, portions of which stand on the tract in dispute. The Court of Appeals held:

1. Keller therefore claims that in equity he is entitled to the disputed land up to the boundary line pointed out to him; or if not, that he was entitled to retain said land upon paying rental therefor.

2. This court holds that the real title was correctly found by the court below.

3. Since that judgment, and during the pendency of the case in the Court of Appeals, Keller's buildings were completely destroyed by fire.

4. In view of this situation, the ownership of the property must be decided according to the actual title.

Judgment affirmed.

Attorneys—Sigler & Denlinger for Keller; James & Coolidge for Boone; all of Dayton.

---

RABB v. KAYLINE CO.

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 6859. Decided March 1, 1926

677. JUDGMENT AND DECREES—Where an affidavit in support of a motion to vacate a judgment states facts which would constitute a good defense, it is an abuse of discretion for court to refuse to vacate.

PER CURIAM.

Aug. 13, 1925, the Kayline Co. obtained a cognovit judgment against I. B. Rabb, who a short time later filed a motion, and affidavit in support of same, to vacate judgment. The Cleveland Municipal Court, where the judgment was obtained, overruled the motion, and Rabb prosecuted error. The Court of Appeals held:

1. The affidavit filed in support of the motion stated facts which if true, constituted a defense to the action.

2. It was therefore the duty of the court to vacate the judgment so that the defense could be presented.

3. The failure to so vacate constitutes an abuse of discretion.

Judgment reversed and case remanded.

Attorneys—R. T. Rabb for Rabb; Mooney, Hahn, Loeser & Keough for Kayline Co.; all of Cleveland.