**CONSUMER PACKING CO., Plaintiff-Appellee, v. HATHMAN et, Defendants-Appellants.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 24091.   Decided May 21, 1957.

Allan L. Levine, for plaintiff-appellee.
J. M. Costello, John J. Filak, for defendants-appellants.

(HUNSICKER, PJ, STEVENS and DOYLE, JJ, of the Ninth District, sitting by designation in the Eighth District.)

## OPINION

By STEVENS, J.

This appeal on questions of law is from an order and judgment of the Municipal Court of Cleveland, refusing to vacate, on motion filed within term, a judgment in the amount of $266, taken by confession on a cognovit note.

The petition filed was a short form of petition, wherein it was alleged that there was "due plaintiff from defendants on a certain promissory note, together with a warrant of attorney, dated June 12, 1956, a copy of which, with all credits and indorsements thereon, is hereto attached, marked 'Exhibit A' and made a part of this petition, the sum of $266, which said plaintiff claims." It is then alleged that "defendants have failed to pay said note according to its terms and conditions; by reason whereof this plaintiff elects to, and does hereby, declare the entire remaining unpaid balance, together with all accumulated interest, due and payable forthwith, demand having been duly made."

430

The copy of the note, which is dated June 12, 1956. is as follows:

"I promise to pay to the order of The Consumer Packing Company the sum of Eight Hundred Fifty-nine and 40/100 Dollars ($859.40) in 4 consecutive monthly installments of $62.30, followed by 20 payments of $30.51, the first installment payable July 15, 1956, and the remaining ones at monthly intervals thereafter."

Then followed the usual acceleration clause in case of default in the payments under the note, or the chattel mortgage which it secures, a provision for added interest on late payments, and a warrant of attorney to confess judgment after default. To the note was attached what was denominated "Schedule of obligations on note":

| | |
|---|---|
| Food order | $120.00 |
| Delivery | 18.00 |
| Pickup of freezer | 18.00 |
| Depreciation | 50.00 |
| Salesman's Commission | 60.00 |
| | $266.00 |

When the judgment for $266 on the note had been confessed and entered on August 16, 1956, an amended motion to vacate the judgment was filed on November 6, 1956, for the reasons set forth in the affidavit attached thereto. That affidavit alleged that the signatures of defendants on the promissory note of June 12, 1956, "were procured by fraudulent misrepresentations made to them by an agent of the Consumer Packing Company, while acting within the scope of his employment," and that said agent "represented to defendants that he was soliciting their order for food; that each order would cost deponents $120; that included in this order of food, the agent of Consumer Packing Company, while acting within the scope of his employment, fraudulently stated that his principal would supply them a freezer on a rental basis to keep the food in; that the $120 paid for the food also included the rental charge for the use of the freezer; that the agent of Consumer Packing Company, while acting within the scope of his employment, fraudulently represented to deponents that in no event were they buying a freezer; that it was represented to deponents that, as the food was used up, they could place further food orders on the basis of $120 per order; that these subsequent orders of food and the charge of $120 therefor did also include the rental charge for the freezer."

The deponents further stated that "said representations were false and known by the plaintiff to be false, and were made by the agent and salesman of the plaintiff with the intent to deceive the defendants and cause them to sign a promissory note and chattel mortgage in blank; that the agent and salesman of the plaintiff did not at the time of signing these documents tell the defendants they were signing a chattel mortgage and promissory note; that, in reliance upon the representations of the agent and salesman of the plaintiff, the defendants did sign some papers handed to them by the agent and salesman of the plaintiff, and that the defendants realized when they received a payment book from the Erie Finance Company that they had signed a promissory note and chattel mortgage for the sale of an eighteen cubic

foot freezer in the total amount of $859.40; that, during the latter part of June, the defendants received delivery of an eighteen cubic foot freezer, and, approximately two weeks later, defendants received delivery of the food; that on or about the 24th day of July, 1956, said freezer was taken from deponents' possession; that deponents do believe that this freezer has been sold by the plaintiff; that deponents further say that they have never received any notice of such sale of said freezer by the plaintiff."

For the above reasons, the deponents requested that the court "vacate the judgment herein made and allow them an opportunity to answer more fully herein."

The testimony taken upon the hearing of the motion to vacate was in accord with the allegations contained in the affidavit supporting the motion. This being a motion to vacate filed within the term in which the judgment was entered (§1901.27 R. C.), and not after term, the Supreme Court has stated the following as regulatory of such situations:

"1. A court of general jurisdiction, such as the common pleas court, has control of its own orders and judgments during the term at which they are rendered, which control may be exercised, within the sphere of sound discretion, as an inherent right founded upon common law.

"2. The procedure announced in Chapter 6, Division 4, Title IV, Part Third, of the General Code, entitled 'Other relief after judgment,' relates to the vacation and modification of judgments by the court, after the term at which they were made, and does not limit a court of general jurisdiction in the exercise of its control over its judgments during the term."

First Nat'l Bank v. Smith, 102 Oh St 120.

While the Municipal Court of Cleveland is not a court of general jurisdiction, the second paragraph of §1901.21 R. C., provides, with reference to the Municipal Court:

"In any civil case or proceeding if no special provision is made in §§1901.01 to 1901.38, inclusive, R. C., the practice and procedure shall be the same as in courts of common pleas."

Applying the above rules to the instant case, it is apparent that the Municipal Court of Cleveland has the same rights and responsibilities with reference to the vacation of its judgments within the term at which they are entered as are possessed by the Court of Common Pleas.

The affidavits supporting the motion of defendants to vacate the judgment by confession herein sets forth a claim of fraud, which, if taken as true, as required of the trial court, as a matter of law necessitated a vacation of the judgment herein, and the refusal of the trial court to vacate said judgment constituted an abuse of discretion. Rabb v. Kayline Co., 4 Abs 703.

The judgment herein will be reversed because contrary to law, and the cause remanded to the Municipal Court of Cleveland with instructions to sustain defendants' motion to vacate the judgment herein, and for further proceedings according to law.

Judgment reversed, and cause remanded with instructions.

HUNSICKER, PJ, DOYLE, J, concur.