DURACLEAN CO., APPELLANT, *v.* HUNTER, APPELLEE.

[Cite as Duraclean Co. v. Hunter, 4 Ohio App. 2d 123.]

(No. 342—Decided November 3, 1965.)

*Mr. Walter H. Hay*, for appellant.
*Mr. George F. Simmons*, for appellee.

HUNSICKER, J. This is an appeal on questions of law from a judgment of the Common Pleas Court of Medina County, wherein that court reversed a judgment of the Municipal Court of the city of Medina and ordered that the cause be remanded to the Medina Municipal Court for further proceedings.

Duraclean Company obtained a judgment by confession on a cognovit note against Charles E. Hunter. Mr. Hunter then asked, by written motion within the same term of court, that the judgment be set aside, alleging, in an answer filed therewith, among other things, that there was no consideration for the note upon which judgment was taken. The Municipal Court refused to vacate the judgment, and an appeal from such refusal to vacate was taken by Mr. Hunter to the Common Pleas Court, with the result above noted.

Duraclean Company then lodged an appeal in this court, seeking to reverse the action of the Court of Common Pleas. It must be noted, as we pointed out above, that the original motion to vacate the judgment was filed in the Municipal Court within the same term in which judgment on the cognovit note was granted.

The Court of Common Pleas indicated in its journal entry that a bill of exceptions was filed. We find no such bill of exceptions properly authenticated as required by Section 2321.12,

Revised Code. Hence, there was nothing to show what testimony, if any, was presented to the Municipal Court at the time the motion to vacate the judgment was heard.

The Common Pleas Court did find, in its journal entry, that when a motion to vacate a judgment in term alleges "no consideration for the note upon which judgment was rendered * * * [it] is a proper defense * * *."

If the allegation of "no consideration" in a written motion filed, and in an answer filed therewith, within the term when judgment was rendered is sufficient to vacate a judgment, then the conclusion reached by the Court of Common Pleas was correct, and that judgment must be affirmed.

The chapter on Relief After Judgment, Section 2325.01 *et seq.*, Revised Code, seems to deal exclusively with relief after term, and not within term. Section 1901.13, Revised Code, among other things, grants to Municipal Courts the power to vacate or modify its judgments. However, we have found no specific rule relating to the procedure for vacation of judgments in Municipal Courts, hence, under Section 1901.21, Revised Code, paragraph 2, the procedure in civil cases is the same as is provided for in the Courts of Common Pleas. We must also remember that a Municipal Court is a court of record.

In the case of *Farley* v. *Pickett*, 177 Ohio St. 133, the court said:

"1. A court of record or of general jurisdiction which has rendered a judgment is empowered in the exercise of a sound discretion to open, vacate or modify it during the term at which it was rendered, and Chapter 2325 of the Revised Code, entitled 'Relief After Judgment' and pertaining to the vacation and modification of judgments after term, is without application."

What then are the defenses which would prevent a judgment on a claim under a note alleged to be due from an alleged debtor?

Section 1303.35, Revised Code, says, in part:

"Unless he has the rights of a holder in due course any person takes the instrument subject to:
"* * *
"(C) the defenses of want or failure of consideration * * *."

Of course, under Section 1303.31, Revised Code, a payee

may be a holder in due course, but here the note was given directly to the payee, who is the plaintiff (appellant here). There is the claim that no value was given for the note and, hence, under Section 1303.31, Revised Code, the payee here, Duraclean Company, could not be a holder in due course.

40 Ohio Jurisprudence 2d, Negotiable Instruments, Section 132, says, in part, with sustaining authorities, that:

"* * * as between the original parties to an instrument, the consideration may be inquired into. And where there is an absence or want of consideration for an instrument, or where the consideration has failed in toto, the obligor may set up such facts as a complete defense to an action by the obligee to enforce the obligation * * *."

Where, as here, a motion is filed to vacate a judgment rendered on a warrant of attorney, the defendant not having prior notice thereof, and which motion is accompanied by a verified answer that alleges such defense, it is not prejudicial error for an appellate court (in this case the Court of Common Pleas) to determine that it was an abuse of discretion on the part of the trial court to refuse to vacate such judgment. See: *Rabb* v. *Kayline Co.*, 4 Ohio Law Abs. 703; and *Consumer Packing Co.* v. *Hathman*, 76 Ohio Law Abs. 429.

The judgment rendered by the Court of Common Pleas reversing the Municipal Court of the city of Medina must be affirmed.

*Judgment affirmed.*

Doyle, P. J., and Brenneman, J., concur.