WOLF ET AL., APPELLANTS, v. UNITED RADIO CABS, INC., APPELLEE.

(No. 11060—Decided March 30, 1970.)

*Messrs. Apking & Ultsch,* for appellants.
*Mr. Robert O. Smith,* for appellee.

HESS, J. This is an appeal from a judgment entered by the Municipal Court of Hamilton County granting defendant's motion to vacate a default judgment. The parties will be referred to as they appeared in the trial court.

On March 3, 1969, plaintiffs filed a petition in the Municipal Court of Hamilton County, and service was had on the defendant. Various motions were filed by the defendant which were heard by the court and on August 13, 1969, an amended petition was filed by leave of court. No answer was filed by the defendant to the amended petition and on August 29, 1969, a default judgment was granted to the plaintiffs in the amount of the prayer of the amended petition.

On September 17, 1969, the defendant filed a motion to vacate the default judgment which read as follows: "Comes now the defendant and moves the court to vacate the default judgment heretofore entered August 29, 1969." This motion was set for hearing on October 2, 1969 and continued to October 15, 1969, at which time the trial court

signed and journalized an entry which stated: "Motion to vacate default judgment heard, defendant tendered answer, court grants motion to vacate default judgment and sets same aside; answer filed by leave, pltfs except."

There is nothing in the record to indicate the trial court heard any evidence to support a conclusion the defendant had a valid defense to the allegations contained in the amended petition before permitting the answer to be filed by leave. The entry vacating the default judgment does not say there was good cause shown for the vacation of the judgment.

In their assignment of error, plaintiffs contend that "the trial court erred in vacating the default judgment when there was no evidence before the court upon which it could determine the defendant had a valid defense."

The question presented in this case is whether the Municipal Court of Hamilton County, being a court of record with limited jurisdiction, may sustain a motion to vacate a default judgment within term when the motion does not present any grounds for a valid defense and the court did not hear any evidence tending to show there was a valid defense.

R. C. 2325.07 provides in part:

"A judgment shall not be vacated on motion or petition until it is adjudged that there is a valid defense to the action in which the judgment was rendered; or if the plaintiff seeks its vacation, that there is a valid cause of action."

In construing R. C. 2325.07, we find, in 3 Ohio Jurisprudence 2d 764, Appellate Review, Section 791, the following stated: "The control of a reviewing court over the discretion of a lower court in vacating or modifying its judgments or orders during term is limited to cases where an abuse of discretion is clearly shown." This rule is supported by cases too numerous to mention.

In the instant case, this court is obliged to determine whether there was an abuse of discretion by the trial court in granting the motion to vacate the default judgment.

The record discloses that the trial court did not ap-

proach the vacation of the default judgment on its own motion; the motion to vacate the default judgment was presented to the court by the defendant without any statement that there was a defense to the amended petition; and there were no affidavits, stipulations, exhibits or evidence of any kind presented to the trial court upon which it could base a finding or conclude that the defendant had a valid defense to the allegations of the amended petition.

R. C. 2325.07 is mandatory in prescribing the conditions upon which a judgment may be vacated during term. This statute requires that a hearing be conducted to determine whether there is a valid defense before a default judgment may be vacated. The mere calling of a docket upon which the motion to vacate appears does not give the trial court the right to presume the motion is well taken and there is a valid defense to the amended petition. The statutory requirement that "a judgment shall not be vacated on motion or petition until it is adjudged there is a valid defense to the action" is mandatory.

Reviewing courts have recognized that trial courts of record are clothed with wide discretion in granting motions to vacate judgments, but they do not have absolute authority in this area.

In the instant case, there was nothing before the court upon which it could have made any kind of determination on whether the defendant had a valid defense. Inasmuch as the trial court was without knowledge of any defense, it was impossible for it to exercise any discretion.

Where the trial court did not proceed on its own motion, and did not have any affidavits, stipulations, exhibits or evidence presented to it upon which it could make a judicial determination, its action in vacating a default judgment must be considered to be an abuse of discretion and in violation of R. C. 2325.07.

The judgment of the trial court in granting the motion to vacate the default judgment herein is reversed.

*Judgment reversed.*

SHANNON, P. J., concurs.

HILDEBRANDT, J., dissenting. I find it necessary to dissent from the majority opinion of this court to vacate the default judgment wherein an abuse of discretion on the part of the trial court is at issue.

Appellants rely on *Somers* v. *Noble*, 15 Ohio St. 2d 61, to sustain their position.

There are vital distinctions between the vacating of judgments during term and the vacating of judgments after term. The cited case involved the vacating of a judgment after term while in this appeal such action occurred during term.

In this cause, defendant filed its motion to vacate during term and tendered its answer, which was subse-quently filed.

The following is stated in 32 Ohio Jurisprudence 2d 249, Judgments, Section 557:

"A court of general jurisdiction, such as the Court of Common Pleas, has power to vacate a judgment during the term at which it was rendered, upon any ground enumerated in R. C. 2325.01 (G. C. 11631), and any cause which will justify the opening of a judgment after term will support such action during term. But the court is not limited to these grounds for such vacation or modification. A court of general jurisdiction is said to have, during term, certain inherent power over and beyond that found in any statutory enactment and to have the power to vacate its judgments and orders not only for the reasons enumerated in the foregoing statute, but also for any other reason within the exercise of a sound discretion. It has been asserted in this respect that judgments may be vacated during term for good, sufficient, and reasonable cause."

In *Terwoord* v. *Harrison*, 10 Ohio St. 2d 170, at page 171, it is stated:

"The order which was before the Court of Appeals for review was the order overruling the motion to vacate the default judgment. Since the motion was made during term, the trial court had the inherent right, founded upon the common law, to sustain or overrule the motion to

vacate that judgment. *Moherman* v. *Nickels,* 140 Ohio St. 450, 143 A.L.R. 1174.

"The Court of Appeals, in ruling on the propriety or impropriety of that order, had only to rule upon the limited question of whether or not the trial judge abused his discretion in refusing to vacate the order. Such abuse of discretion must appear in the record. *Wyant* v. *Russell,* 109 Ohio St. 167, *Wagner* v. *Long,* 133 Ohio St. 41, 49."

In *Moherman* v. *Nickels, supra,* paragraph one of the syllabus states:

"A court of general jurisdiction has control of its own orders and judgments during the term at which they are made or rendered, and the inherent power, in the exercise of a sound discretion, to vacate or modify them."

In *Miller et al.* v. *Wilkinson,* 31 O. O. 2d 45, the following is stated in paragraphs one and two of the syllabus:

"1. A second motion to vacate judgment which does not state a ground for vacation other than that a valid defense exists, is not fatally defective, since none need be stated when the motion is filed in the same term of court."

"2. The power to vacate or modify judgments in term is in the exercise of sound discretion and appealable only for abuse thereof."

There being no abuse of discretion by the trial court appearing from the record, the judgment should be affirmed.