MATSON, EXR., APPELLEE, *v.* MARKS, APPELLANT.

320

(No. 72AP-162—Decided October 10, 1972.)

*Messrs. Chester, Hoffman, Park, Willcox & Rose* and *Mr. G. Roger Post*, for appellee.
*Messrs. Schottenstein, Garel, Swedlow & Zox* and *Mr. Ronald L. Solove*, for appellant.

WHITESIDE, J. This is an appeal from an order of the Franklin County Court of Common Pleas overruling defendant's motion to vacate and set aside a cognovit judgment and to grant him leave to file an amended answer.

Plaintiff filed his complaint and obtained judgment against defendant upon a cognovit note on December 13, 1971, upon the filing of an answer by virtue of a warrant of attorney confessing such judgment. Defendant received notice of such judgment on December 15, 1971. Defendant filed his motion to vacate the judgment and for leave to file an amended answer, which was tendered with the motion, on December 22, 1971. The amended answer alleged that no consideration was given for the note and

that said note was executed "under duress and as a result of threats made by plaintiff's decedent to defendant that plaintiff's decedent would pursue a claim against defendant which claim had no merit in law and was not even a colorable cause of action against defendant, for said claim was in whole invalid." No evidentiary hearing was held by the trial court which on May 5, 1972, rendered the following decision:

"Heard on Motion of defendant, filed December 22, 1971, to vacate the cognovit judgment entered in this case against him on December 13, 1971.

"Defendant tendered his Amended Answer on December 22, 1971 which was filed without leave of court.

"Defendant does not set forth facts that show grounds to vacate and set aside the judgment. There is no authority for automatically vacating a judgment taken on a cognovit note. A judgment once taken is presumed valid, until a party overcomes such presumption, and defendant in this case has not done so. Motion overruled."

Said decision was journalized by entry on May 18, 1972, and defendant appeals listing two assignments of error as follows:

"1. The court below erred in overruling Defendant-Appellant's Motion for relief from judgment.

"2. The court below erred in refusing to permit Defendant-Appellant to file his tendered amended Answer."

There was no former statutory procedure controlling a relief from judgment during the term at which it was entered since R. C. Chapter 2325 pertained only to the vacation and modification of judgments after term. *Farley* v. *Pickett* (1964), 177 Ohio St. 133. However, Civ. R. 60 (B) controls relief from judgment whether such is sought during the term at which the judgment was entered or during a subsequent term. This case points out some of the procedural difficulties confronted in applying Rule 60 (B), which reads as follows:

"(B) Mistakes; inadvertence; excusable neglect; newly discovered evidence; fraud; etc. On motion and upon such terms as are just, the court may relieve a party or his

legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59 (B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation.

"The procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules."

The procedure to be followed, and the requirements upon the movant for relief from judgment, depend to some degree upon the circumstances surrounding the obtaining of the judgment, and the nature of the relief sought. For this purpose, judgments may be classified into three general categories: first, judgments entered following an adversary hearing—a trial on the merits, a motion for summary judgment, or other motion; second, judgments entered by default; third, judgments entered on a confession of judgment pursuant to a warrant of attorney, without prior notice to the defendant.

Pursuant to Civ. R. 60(B) (5), any grounds which constituted a cause for the vacation of a judgment during term prior to the adoption of the Civil Rules continues to constitute grounds for relief from judgment even though not specifically set forth in Rule 60(B). Lack of prior notice may constitute a sufficient ground for the granting of relief from a default judgment. See *Farley* v. *Pickett*, *supra*, and Civ. R. 55. However, lack of prior notice is not

a sufficient ground for the granting of relief from a cognovit judgment entered by confession pursuant to a warrant of attorney inasmuch as a warrant of attorney, if valid, constitutes a waiver of the right to a prejudgment notice and hearing. *D. H. Overmyer Co., Inc.*, v. *Frick Company* (1972), 405 U. S. 174, 92 S. Ct. 775.

On the other hand, the existence of a valid defense would not ordinarily, alone, constitute a ground for relief from a judgment where the judgment is entered either by default or following an adversary hearing. Under such circumstances, the defendant would usually have an opportunity to raise the defense, but fail to do so. Accordingly, there would be no grounds for relief from such judgment unless some other ground set forth in Civ. R. 60(B), (e. g., excusable neglect,) would be applicable. However, the existence of a valid defense to all or part of the claim constitutes a ground for relief from a cognovit judgment entered by confession upon a warrant of attorney without prior notice to the defendant. Such was the import of former R. C. 2325.01(I), which provided for the vacation of a judgment after the term at which it was made ''for taking judgments upon warrants of attorney for more than was due the plaintiff, when the defendant was not summoned or otherwise legally notified of the time and place of taking such judgment.'' See *Livingstone* v. *Rebman* (1959), 169 Ohio St. 109.

This was also the result where the motion to vacate was filed within term. See *Duraclean Co.* v. *Hunter* (1965), 4 Ohio App. 2d 123, the syllabus of which reads as follows:

''Where an answer is filed in support of a motion filed within term to vacate a judgment taken by confession on a cognovit note, which answer states a good defense, it is an abuse of discretion for a court to refuse to vacate such judgment.''

See also *Rood* v. *McCann* (1957), 103 Ohio App. 55, and *Miller* v. *Wilkinson* (1963), 95 Ohio Law Abs. 129.

The conclusion that the existence of a valid defense to all or part of the claim constitutes grounds for relief from a cognovit judgment pursuant to Civ. R. 60(B),

would seem to be required by *Overmyer, supra,* wherein the United States Supreme Court, in upholding the constitutionality of a cognovit clause, stated, at page 783:

"Some concluding comments are in order:

"1. Our holding necessarily means that a cognovit clause is not, *per se,* violative of Fourteenth Amendment due process. * * *

"2. Our holding, of course, is not controlling precedent for other facts of other cases. For example, where the contract is one of adhesion, where there is great disparity in bargaining power, and where the debtor receives nothing for the cognovit provision, other legal consequences may ensue.

"3. Overmyer, merely because of its execution of the cognovit note, is not rendered defenseless. It concedes that in Ohio the judgment court may vacate its judgment upon a showing of a valid defense and, indeed, Overmyer had a postjudgment hearing in the Ohio court. * * *"

Defendant predicated his motion upon the ground that there was a want of consideration for the cognovit note. In this regard, *Duraclean, supra,* is of particular significance since the defense asserted in that case was also want of consideration. That court pointed out that pursuant to R. C. 1303.35 the defenses of want or failure of consideration may be asserted against any holder of a note who is not a holder in due course. Thus, defendant did allege the existence of a valid defense which, if true, would constitute a complete defense to plaintiff's claim.

Plaintiff contends that the judgment of the trial court should be affirmed because defendant produced no evidence before the trial court, relying upon *McMillen* v. *Willard Garage* (1968), 14 Ohio App. 2d 112. It is true that in that case the court held that a trial court could not be found to have abused its discretion in overruling a motion to vacate where there is no factual information in the record to show that the defendant has a valid defense. However, in that case, the tendered answer consisted of a general denial and a counterclaim. The court stated at page 116: "* * * The filed (or tendered) answer, if it may be

considered at all and insofar as it purports to set forth a defense to the action on the cognovit note, sets forth a defense only by way of a general denial. * * *'' A counterclaim is not a defense to an action. See the third paragraph of the syllabus of *Bulkley* v. *Greene* (1918), 98 Ohio St. 55.

While involving a default judgment, rather than a cognovit judgment, *Wolf* v. *United Radio Cabs* (1970), 26 Ohio App. 2d 248, and *A. I. A. Corp.* v. *Gentry* (1970), 23 Ohio App. 2d 142, which were decided the same day by the same court, are of significance. In *Wolf,* it was held that it was an abuse of discretion to sustain a motion to vacate a default judgment where the motion presents no reasons to show there is a valid defense, and the court hears no evidence tending to show a valid defense. As pointed out above, in *Duraclean, supra,* the court held that the allegations of an answer alleging no consideration were sufficient evidence to require the sustaining of a motion to vacate a judgment taken by confession on a cognovit note. To the same effect is *Canal Winchester Bank* v. *Exline* (1938), 61 Ohio App. 253, wherein it is stated, at page 259:

''Obviously the prerequisites to an adjudication of a valid defense require more than a general denial of the averments of the petition which would be sufficient to state a defense before judgment. It is essential that the judge, who is called upon to suspend the judgment, must have enough factual information before him to require determination that the defendant has a valid defense. If the party moving to suspend the judgment can within the rules of pleading set out in his answer sufficient facts to apprise the court that he has a defense, this should be done and the adjudication can be made upon the averments of the answer. If, to set forth enough facts to disclose his defense, he would offend the rules of pleadings by setting them out in his answer, then they should be brought to the attention of the court by evidence orally or by affidavit. Unless the defense is a sham, the test which the court should apply to the facts is whether, if true, they state a complete defense in part or in whole to the cause of action set forth in the petition.''

Those cases, however, involved verified answers. Pursuant to Civ. R. 11, pleadings are no longer required to be verified but, rather, the signing of a pleading by an attorney "constitutes a certificate by him that he has read the pleading; that to the best of his knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay." Civ. R. 11 is equally applicable to tendered answers upon motions for relief from judgment as to answers filed in the normal course of procedure.

Plaintiff is correct that the burden is upon the party seeking relief from judgment to prove the grounds for such relief pursuant to Civ. R. 60(B). The trial court, however, did not predicate its judgment upon the failure of such proof. No opportunity for presenting such evidence was afforded by the trial court to defendant, although perhaps defendant could have voluntarily done so by way of affidavit. However, neither the Civil Rules nor the rules of the trial court require the filing of affidavits in support of motions for relief from judgment.

While, as pointed out by plaintiff, Civ. R. 7(B) (2) permits a court to provide by rule "for the submission and determination of motions without oral hearing upon brief written statements of reasons in support and opposition," and the trial court has done so by its Rule 25, such provisions can have no application where an evidentiary determination is required.

Civ. R. 60(B) provides, in part: "The procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules." Unless the grounds for such relief are such as appear upon the face of the record, there necessarily must be evidence presented to permit a factual determination by the trial court upon the grounds for relief from judgment. Both the Civil Rules and the rules of the trial court are silent upon the procedure for presenting evidence to the court to make such factual determination.

While in some instances evidence may be adequately presented in the form of affidavits, and in other instances, because of the nature of the grounds for relief, oral testi-

mony may be required, a party cannot be found in default of presenting such evidence until required to do so either by rule or order of the court. As stated above, neither the Civil Rules nor the rules of the trial court require the submission of affidavits in support of a motion for relief from judgment, pursuant to Civ. R. 60(B). Neither did the trial court at any time order the submission of such evidence. Where a motion for relief from judgment sets forth grounds which, if true, would justify such relief, the trial court should not overrule such motion without first affording an opportunity to the movant to present evidence in support of the motion.

Although involving a petition to vacate a judgment after term under former statutory procedure, *Livingstone* v. *Rebman, supra,* affords some insight as to the nature of the proof required where the ground for relief from judgment is the existence of a valid defense to a cognovit judgment entered without prior notice to the defendant. In *Livingstone,* the Supreme Court held that it was necessary for the defendant to introduce credible evidence from which reasonable minds might reach different conclusions upon the issue involved, but that in making such determination, the trial court should not determine the credibility of witnesses or weigh the evidence. That case also indicated that an actual vacation or modification of the judgment should await a trial of the defenses, but the judgment should be suspended pending such trial on the merits.

The trial court was correct in its conclusion that there is ''no authority for automatically vacating a judgment taken on a cognovit note.'' However, the trial court erred in its conclusion that defendant had not set forth in support of his motion for relief from judgment ''facts that show grounds to vacate and set aside the judgment.'' As we indicated above, the allegation of the existence of grounds which would constitute a valid defense to all or part of the claim of the plaintiff constitutes grounds for relief from judgment pursuant to Civ. R. 60(B) (5), where a cognovit judgment has been entered without prior notice to the defendant.

The mere allegation of facts that would constitute

grounds for relief from a judgment does not entitle the defendant to such relief. Rather, there must be a factual determination by the court upon the alleged grounds for relief. However, where a motion for relief from a judgment sets forth facts sufficient to constitute grounds for relief from such judgment pursuant to Civ. R. 60(B), and the motion is timely filed, a court abuses its discretion in overruling such motion in the absence of a factual determination of the alleged grounds for relief from judgment adverse to the movant, or a want of prosecution of the motion by the movant. The motion for relief from judgment must be filed within a reasonable time. See *Cautela Bros.* v. *McFadden* (1972), 32 Ohio App. 2d 329.

For the foregoing reasons, both assignments of error are sustained, and the judgment of the Franklin County Court of Common Pleas is reversed, and this cause is remanded to that court for further proceedings in accordance with law consistent with this decision.

*Judgment reversed and remanded.*

STRAUSBAUGH and REILLY, JJ., concur.