OPINION
Appellant Woodside Pet Cemetery, Inc. appeals a judgment of the Stark County Common Pleas Court vacating its default judgment against appellee W. G. Lockhart Construction Company:
ASSIGNMENTS OF ERROR:
 I. THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED WHEN IT GRANTED APPELLEE'S MOTION TO SET ASIDE DEFAULT JUDGMENT BECAUSE SAID RULING WAS CONTRARY TO AND NOT SUPPORTED BY THE EVIDENCE AND WAS ENTERED WITHOUT FIRST ALLOWING APPELLANT TO CONDUCT DISCOVERY FOR RELEVANT EVIDENCE IN ACCORDANCE WITH APPELLANT'S RIGHT TO DUE PROCESS OF LAW AND WITHOUT FIRST CONDUCTING AN EVIDENTIARY HEARING.
 II. THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED WHEN IT DENIED APPELLANT'S MOTION FOR FINDINGS OF FACT AND CONCLUSIONS OF LAW.
Appellant filed the instant action on June 26, 1997. Appellant alleged that appellee had breached an agreement giving appellee the right to dispose of clean fill dirt on appellant's real property. The complaint alleged that instead of, or in addition to clean fill dirt, and without the consent of appellant, appellee disposed of steel, concrete, and other construction debris on the property, and covered the debris to conceal its presence from appellant. Appellee was served with the summons and complaint on August 2, 1997.
As of September 8, 1997, appellee failed to answer the complaint, and appellant moved for default judgment. The court entered default judgment on the issue of liability on September 9, 1997, and scheduled a hearing as to damages.
On September 10, 1997, appellee moved for leave to plead. Thereafter, on September 16, 1997, appellee filed a motion to vacate the default judgment pursuant to Civ.R. 60(B)(1). Appellee claimed that its failure to timely appear and defend was the result of a excusable neglect, as it reasonably relied on its insurance carrier to arrange for the defense of the matter. Appellee submitted an affidavit of Richard Stanley, secretary of appellee. Appellant filed a response, attaching affidavits. Appellee then filed a reply to the response, attaching a second affidavit of Richard Stanley, which provided further information as to the matters raised in the first affidavit.
On the same day, the court entered judgment setting aside the default judgment.[1] Appellant's request for Findings of Fact and Conclusions of Law was denied.
 I.
Appellant argues that the court erred in granting appellee's Civ.R. 60(B) motion to set aside the default judgment. Among the other reasons, appellant claims that the court erred in failing to conduct an evidentiary hearing before granting the motion.
A movant for relief from judgment under Civ.R. 60(B) must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1)-(5); and (3) the motion is made within a reasonable time. GTE AutomaticElectric, Inc. vs ARC Industries, Inc. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus. The movant must submit factual material with his motion which demonstrates grounds which, if true, would constitute a defense to the action. E.g., Matson vs.Marks (1972), 32 Ohio App.2d 319, 327. The motion must be supported with evidence of at least affidavit quality. East OhioGas vs. Walker (1978), 59 Ohio App.2d 216, 220. Where the motion and supporting evidence contain sufficient allegations of operative facts which would support a meritorious defense to the judgment, the court must assign the matter for evidentiary hearing. BancOhio Natl. Bank vs. Schiesswohl (1988), 51 Ohio App.3d 130, at paragraph one of the syllabus.
At the hearing, both parties had the opportunity to present evidence. Cogswell vs. Cardio Clinic of Stark County, Inc., etal. (October 21, 1991), Stark App. No. 8553, unreported, at Page 4. If at the conclusion of the hearing, the court must decide whether the movant is entitled to relief under the GTE test. Id. If he decides in the affirmative, he then should vacate the judgment, and assign the cause for trial upon the merits. Id.
When reviewing the motion and supporting affidavit, the trial court does not weigh the evidence. Matson, supra, at 327. The court simply decides whether the allegations of the movant, if true, would constitute a defense to the claim. Id. At the hearing, the movant has the burden of persuasion that he is entitled to relief under the GTE test. Cogswell, supra, at.
The affidavit to support proof of excusable neglect is sufficient when it establishes the following: (1) that there is a set procedure to be followed in the corporate hierarchy for dealing with legal process, and (2) that such procedure was, inadvertently, not followed until such time as a default judgment had already been entered against the corporate defendant. Hopkinsvs. Quality Chevrolet, Inc. (1992), 79 Ohio App.3d 578.
In two affidavits filed with the court, Stanley averred that he forwarded the complaint to the insurance carrier within two days of its receipt. He further testified that the insurance company had made representations that although it had previously indicated a denial of the claim, if appellee received a complaint, the insurance company would re-evaluate this denial. Stanley further testified that he reasonably assumed, based on past practices, that the insurance company would defend this suit. He testified that he received no response from the insurance company until September 5, 1997, when he received a voice mail message indicating that the insurance company would not defend the action. Stanley further testified by way of affidavit that several defenses were available to appellee, including statute of limitations, release language in the contract, and consent. Mr. Stanley further testified that although appellee filed the motion for default judgment on September 8, 1997, appellee did not receive notice of the court's default judgment until September 11, 1997. He further testified that immediately upon receipt of notice that the insurance carrier would not defend, appellee contacted an attorney. In the second affidavit filed with the court, Stanley represented that in the few instances in the past where the insurance carrier denied a claim and refused to defend, appellee was notified of such denial with ample opportunity to contact counsel to defend the case. He further represented that in the instances where the insurance carrier accepts defense, appellee typically received no notice, but merely receives a copy of the answer at some point in time after the answer date.
Appellant submitted evidence to the court to contradict appellee's evidence concerning the presence of a defense, specifically consent. In addition, appellant presented evidence that appellee was aware in 1996 of the insurance carrier's intent to refuse to defend the claim.
Appellee submitted sufficient evidence of excusable neglect and a meritorious defense to require the court to hold an evidentiary hearing. However, the court may not weigh the evidence when reviewing the motion and supporting affidavits. As the evidence before the court conflicted as to whether appellee's failure to timely file and answer was due to excusable neglect, or whether appellee knew, or should have known, one year prior to the filing of the complaint that the insurance carrier would refuse to defend, and therefore, should have followed up with the insurance carrier after forwarding the material to the carrier, the court necessarily weighed the evidence before it in granting the motion to vacate. Having received sufficient allegations of operative facts to support a meritorious defense, and to support appellee's claim for relief from judgment pursuant to Civ.R. 60(B), the court was required to assign the matter for evidentiary hearing. Accord, MCF Machine Company, Inc. vs. West Star Industries, Inc.
(August 2, 1993), Stark App. No. 9196, unreported.
The first Assignment of Error is sustained.
 II.
This Assignment of Error is rendered moot by our disposition of Assignment of Error I.
The judgment of the Stark County Common Pleas Court vacating the default judgment in favor of appellant Woodside Pet Cemetery, Inc. is reversed. This cause is remanded to that court with instructions to conduct an evidentiary hearing on the motion to vacate.
By: Reader, J., Gwin, P. J. and Wise, J. concur.
[1] In its brief, appellant claims that the court granted the motion to vacate prior to the filing of appellee's reply memorandum. However, the docket reflects that the reply was filed at 12:11 P.M. on October 14, 1997, whereas, the judgment was not filed until 2:17 P.M. on October 14, 1997.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Stark County Common Pleas Court vacating the default judgment in favor of appellant Woodside Pet Cemetery, Inc. is reversed. This cause is remanded to that court with instructions to conduct an evidentiary hearing on the motion to vacate. Costs to appellee.