OPINION
Plaintiff-appellant Brinkr, Inc. appeals the September 3, 1999, Judgment Entry of the Stark County Court of Common Pleas which overruled plaintiff-appellant's Civil Rule 60(B) Motion for Relief From Judgment filed May 10, 1999. Defendant-appellee is United Riggers, Inc.
 STATEMENT OF THE FACTS AND CASE
The underlying action in this case involved a contract for the installation of a radio tower in Canton, Ohio. Plaintiff-appellant Brinkr, Inc. [hereinafter appellant] filed a Complaint in which it alleged that defendant-appellee United Riggers, Inc. [hereinafter appellee] breached the contract. Appellant also made claims for breach of express and implied warranties, promissory estoppel, fraud, and unlawful seizure of property. Appellee filed an Answer denying the allegations and set forth a counterclaim. The counterclaim alleged that appellant maliciously destroyed certain equipment owned by appellee and interfered with the business relationships appellee had with other entities. The EMC Insurance Company [hereinafter EMC] initiated a claim for reimbursement of its payments to its insured, United Riggers, Inc., as a result of the equipment alleged to have been stolen by appellant. EMC named appellant as a defendant, as well as Jackson Station Inc., Jack Koury and Jack Ambrozic as defendants. The lawsuits were consolidated and a jury trial was scheduled for October 26, 1998. Attorney Fredrick Pitinii filed a Substitution of Counsel which indicated he represented appellant, Brinkr Inc., Jack Koury, Jack Ambrozic and Jackson Station, Inc. Several weeks before the trial of the matter, pursuant to a meeting between Attorney Pitinii and Jack Koury and pursuant to Mr. Koury's instructions, Attorney Pitinii contacted counsel for appellee regarding settlement. Appellee advised appellant's counsel that any settlement would be limited to a mutual dismissal of all claims of all parties in the consolidated action. This offer was accepted by counsel for appellant pursuant to instructions from Mr. Koury. In an Entry approved by counsel for appellant, counsel for EMC and counsel for appellee, all claims were dismissed with prejudice. The Judgment Entry of Dismissal was signed by the trial court and filed October 21, 1998. The mutual release was circulated following dismissal with prejudice of the lawsuits. However, a dispute arose relative to the execution of the mutual release. The mutual release was signed by appellee, EMC and Jack Koury. However, it was not signed by a representative of appellant, Jack Ambrozic or Jackson Station Inc. On December 18, 1998, appellee filed a Motion requesting that the trial court enforce the settlement and further requesting that the court require appellant to execute the mutual release. Appellant responded that there was no meeting of the minds and, therefore, no contract existed. The lower court held two evidentiary hearings on the matter. At the hearings, appellant argued that Jack Koury, appellant's secretary-treasurer, was not authorized to speak on behalf of the corporation or the other parties. The hearings demonstrated that Jack Koury signed an affidavit as an officer of appellant verifying the complaint and was the representative of appellant sent by the parties to the pre-trial and the mediation. Attorney Pitinii testified that Jack Koury was the contact person with respect to appellant and his other clients for all discussions regarding the case. Although Mr. Ambrozic, president of Brinkr Inc., testified that he did not believe that Jack Koury could speak for appellant, he admitted that he did not have any direct dealing with Attorney Pitinii relative to the settlement and did not advise him not to settle the claims. Further, Mr. Ambrozic admitted that all dealings with Attorney Pitinii regarding this litigation were had through Jack Koury. Jack Koury testified that he authorized Attorney Pitinii to settle but that authorization was contingent upon approval of the other parties. In a Judgment Entry filed May 10, 1999, the trial court found that Jack Koury was acting on behalf of appellant with regard to all settlement negotiations and that he had authority to settle this case on behalf of appellant. Subsequently, appellant hired new counsel and filed a Motion to Vacate the May 10, 1999, Judgment Entry. Pursuant to Civ.R. 60(B)(1) and (5), appellant argued mistake, surprise and excusable neglect. In a Judgment Entry filed September 3, 1999, the trial court overruled appellant's motion to vacate, without a hearing. The trial court found that appellant was unable to prove any operative facts that would warrant relief. It is from this Judgment Entry that appellant pursues this appeal, raising the following assignments of error:
ASSIGNMENT OF ERROR I
 THE TRIAL COURT ERRED IN OVERRULING PLAINTIFF/APPELLANT'S CIVIL RULE 60(B) MOTION WITHOUT A HEARING.
ASSIGNMENT OF ERROR II
 THE TRIAL COURT ABUSED ITS DISCRETION IN OVERRULING PLAINTIFF/APPELLANT'S CIVIL RULE 60(B) MOTION.
 I
Appellant argues that the trial court erred in denying appellant's Civ.R. 60(B) motion to vacate the Judgment Entry filed May 10, 1999, without conducting an evidentiary hearing. Appellant bases this argument on the claim that it presented operative facts which warrant relief. We disagree. A movant for relief from judgment under Civ.R. 60(B) must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1)-(5); and (3) the motion is made within a reasonable time. GTE Automatic Electric, Inc. v. ARC Industries, Inc. (1976), 47 Ohio St.2d 146, 351 N.E.2d 113, paragraph two of the syllabus. The movant must submit factual material with his motion which demonstrates grounds which, if true, would constitute a defense to the action. E.g., Matson v. Marks (1972), 32 Ohio App.2d 319,327, 291 N.E.2d 491. The motion must be supported with evidence of at least affidavit quality. East Ohio Gas v. Walker (1978), 59 Ohio App.2d 216, 220, 394 N.E.2d 348. Where the motion and supporting evidence contain sufficient allegations of operative facts which would support a meritorious defense to the judgment, the court must assign the matter for evidentiary hearing. BancOhio Natl. Bank v. Schiesswohl (1988), 51 Ohio App.3d 130,554 N.E.2d 1362, at paragraph one of the syllabus. The standard of review of a Civ.R. 60(B) motion is abuse of discretion. GTE Automatic Elec., Inc. v. ARC Industries, Inc. (1976), 47 Ohio St.2d 146. Therefore, we must determine whether the trial court abused its discretion in overruling appellant's motion for relief from judgment. Appellant's motion was based upon Civ.R. 60(B)(1) and (5), which provide as follows: On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; . . . or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation.
In this case, appellant contends that it presented operative facts which warranted relief. However, the trial court found the facts presented by appellant were the same facts presented by appellant at the two previous hearings on the motion to enforce the settlement and that such facts did not establish that appellant was entitled to relief from the trial court's previous decision. Generally, a trial court is not required to grant a hearing on a motion for relief from judgment. Gaines Stern Co., L.P.A. v. Schwartzwald, Robiner, Wolf Rock Co., L.P.A. (1990), 70 Ohio App.3d 643
. If a movant does not present the necessary operative facts, a hearing is not required. This issue was addressed in Coulson v. Coulson (1983), 5 Ohio St.3d 12: If the movant files a motion for relief from judgment and it contains allegations of operative facts which would warrant relief under Civil rule 60(B), the trial court should grant a hearing to take evidence and verify these facts before it rules on the motion.
Coulson, 5 Ohio St. at 16 (citing Adomeit v. Baltimore (1974),39 Ohio App.2d 97, 105). In the case sub judice, the trial court found that an evidentiary hearing was not necessary because the evidence presented in the Civ.R. 60(B) Motion were the same facts established in the two evidentiary hearings on appellee's Motion to Enforce the Settlement. The trial court found that the facts had not changed, only counsel's argument. Because appellant presented no new operative facts as compared to the operative facts presented in the evidentiary hearings on the motion to enforce the settlement and the trial court found that such operative facts did not warrant relief, we find the trial court did not abuse its discretion in not holding a hearing on appellant's motion for relief from judgment. Appellant's first assignment of error is overruled.
 II
In its second assignment of error, appellant argues that the trial court abused its discretion in overruling appellant's Civ.R. 60(B) motion. We disagree. As discussed in assignment of error I, to prevail under Civ.R. 60(B) motion, pursuant to 60(B)(1) or (5), appellant must demonstrate that it has a meritorious claim to present if relief is granted and that it is entitled to relief as a result of mistake, inadvertence, surprise or excusable neglect or any other reason justifying relief from the judgment. In this case, appellant claims that it has a meritorious claim and is entitled to relief as a result of mistake, surprise or excusable neglect by its attorney. The trial court found that appellant was not entitled to relief based upon a finding that there was no excusable neglect, mistake or surprise from which to warrant relief. As a general rule, the neglect of a party's attorney will be imputed to the party for the purposes of Civ.R. 60(B)(1). The principle expressed in GTE Automatic Electric v. ARC Industries (1976), 47 Ohio St.2d 146, 351 N.E.2d 113, paragraph four of the syllabus, applies equally to a claim of surprise under the same provision. The Supreme Court of Ohio addressed excusable neglect in an authority to settle context in Argo Plastic Products Co. v. City of Cleveland (1984), 15 Ohio St.3d 389, 392-393. The Supreme Court held: We turn now to a consideration of whether the trial court properly denied the city's Civ.R. 60(B) motion with respect to the settlement agreement or damages. The city may indeed have been factually surprised, perhaps even shocked, that its counsel, who supposedly only had authority to settle a case for $2,500, settled the instant lawsuit for over $500,000. Nevertheless, we hold that the city is not entitled to relief from judgment under Civ.R. 60(B) pursuant to GTE, supra. . . .
In our view, the principle expressed in GTE, supra, with respect to excusable neglect under Civ.R. 60(B)(1), applies equally to a claim of surprise under the same provision. For purposes of Civ.R. 60(B)(1), then, the conduct of counsel is imputed to his client. It follows that the city may not now obtain relief from judgment under Civ.R. 60(B)(1) solely on the ground of misconduct by its own attorney. Thus, under our holding in GTE, supra, any "mistake, inadvertence, surprise or excusable neglect," as set forth in Civ.R. 60(B)(1), by counsel for a party does not entitle that party to relief from judgment under the rule.
The trial court found that it was appellant's own actions and/or the actions of its attorney that caused the situation from which they are seeking relief. Jack Koury, as an officer of appellant, agreed to settlement on behalf of appellant. Appellant's prior actions in permitting Jack Koury to sign the verified complaint and in permitting him to attend the mediation on its behalf conferred apparent authority, if not actual authority, to settle on its behalf. Since in such a case, the actions of an attorney are imputed to the party, we find that the trial court did not abuse its discretion in denying appellant's Civ.R. 60(B) motion.
Appellant's second assignment of error is overruled.
The Judgment of the Stark County Court of Common Pleas is affirmed.
WISE, P.J. and EDWARDS, J. concurs