Defendant-Appellant Star Coach Luxury Vans Trucks, Inc. appeals the April 24, 2000, Judgment Entry of the Stark County Common Pleas Court which denied its Motion for Relief from Judgment, pursuant to Civ.R. 60(B). Plaintiff-Appellee is Remlinger Oldsmobile — Cadillac, Inc.
 STATEMENT OF THE FACTS AND CASE
On August 27, 1999, Plaintiff-Appellee Remlinger Oldsmobile-Cadillac, Inc. [hereinafter Remlinger] filed a complaint against Defendant-Appellant Star Coach Luxury Vans Trucks [hereinafter Star Coach], as well as, Defendants Performance West Group, Steve Millen Sports Parts, Inc. dba Stillen and Chrysler Motor Corp. in the Stark County Court of Common Pleas. Star Coach was served with the Complaint on September 2, 1999. On or about September 30, 1999, Star Coach, through its President, filed an Answer in the Stark County Court of Common Pleas. Star Coach's President, Diane O'Toole, submitted the answer in her corporate capacity and was not represented by counsel. On or about October 15, 1999, the trial court sent a letter to Star Coach, informing it that "[u]nder Ohio law, a corporation may not be represented in a law suit by a director of the corporation, therefore, an attorney is necessary in this matter." The letter was entered onto the docket on October 18, 1999. On March 2, 2000, Remlinger filed a Motion to Strike the Answer of Star Coach and for Default Judgment. The Stark County Court of Common Pleas granted Remlinger's Motion, holding that a pro se Answer of a corporation is invalid, as under Ohio law a corporation cannot appear pro se and any documents filed by a pro se corporation are invalid. By Judgment Entry filed March 7, 2000, the trial court struck Star Coach's Answer and granted a Default Judgment in favor of Remlinger and against Star Coach. On March 17, 2000, Star Coach, through counsel, filed a Motion to Vacate the Default Judgment. A hearing on the Motion was held on April 19, 2000. On April 24, 2000, the Stark County Court of Common Pleas denied Appellant's Motion to Vacate. It is from the April 24, 2000 Judgment Entry that Star Coach appeals, raising the following assignments of error:
 ASSIGNMENT OF ERROR I THE TRIAL COURT ABUSED ITS DISCRETION BY DENYING APPELLANT'S MOTION TO VACATE DEFAULT JUDGMENT.
 ASSIGNMENT OF ERROR II THE TRIAL COURT ERRED IN REJECTING APPELLANT'S MOTION TO VACATE DUE TO THE LACK OF JUSTIFIABLE REASONS PURSUANT TO CIVIL RULES 55(B) AND 60(B).
Appellant in the case sub judice has failed to file a transcript of the April 19, 2000, hearing or, in the alternative, to follow the dictates of App.R. 9. However, while no transcript of the hearing was filed, the trial court, in its April 25, 2000, Judgment Entry, noted that "[n]o evidence was offered in support of the Motion [to Vacate]." Since no evidence was presented at the April 19, 2000, hearing, we find that the transcript was not necessary for resolution of appellant's assignments of error.
 I II
Appellant, in its first assignment of error, argues that the trial court abused its discretion in denying appellant's motion to vacate the default judgment entered in favor of appellee. We, however, disagree. A movant requesting relief from judgment under Civ.R. 60(B) must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1)-(5); and (3) the motion is made within a reasonable time. GTE Automatic Electric, Inc. v. ARC Industries, Inc. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus. The movant must submit factual material with his motion which demonstrates grounds which, if true, would constitute a defense to the action. E.g. Matson v. Marks (1972), 32 Ohio App.2d 319, 327. The motion must be supported with evidence of at least affidavit quality. East Ohio Gas v. Walker (1978), 59 Ohio App.2d 216, 220. A motion for relief from judgment under Civ.R. 60(B) is addressed to the sound discretion of the trial court and a ruling will not be abused absent an abuse of discretion. Griffey v. Rajan (1987), 33 Ohio St.3d 75, 77. An abuse of discretion connotes more than an error of law or judgment, it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. We find that the trial court did not abuse its discretion in denying appellant's Motion to Vacate since such decision was not arbitrary, unconscionable or unreasonable. Appellant in the case sub judice argued in his Motion to Vacate that he had a meritorious defense. Appellant specifically contended, in part, in its motion that it "complied with the requirement set forth by Performance West Group and that the negligent design, construction, assemblage and research and testing, if any, regarding the subject vehicle was caused by one or more of the other named parties, including the plaintiff and/or one or more additional parties." However, upon review of the record, we find that appellant failed to submit "evidence of a least affidavit" quality supporting its asserted defense. Accordingly, for such reason, we find that the trial court did not abuse its discretion in denying appellant's Motion to Vacate. Appellant's first assignment of error is, therefore, overruled. Appellant's second assignment of error is moot. The judgment of the Stark County Court of Common Pleas is affirmed.
 ____________________ Edwards. J.
Hoffman, P.J. concur.
Reader, V. J. concurs separately.