JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant James Rivalsky appeals from the order of the Common Pleas Court overruling his motion for relief from judgment pursuant to Civ.R. 60(B). For the reasons that follow, we reverse and remand.
{¶ 2} On or about July 5, 1996, plaintiff Patricia Apple was awarded a default judgment against Dimon's, Inc. in Cuyahoga County Court of Common Pleas Case No. 287693 in the amount of $80,000 plus interest. Dimon's, Inc. was an Ohio corporation. Dimon's, Inc. failed to file an answer or otherwise plead. On July 18, 1996, a certificate of judgment was filed as Judgment Lien JL029811 upon the property located at 11607 and 11609 Detroit Avenue, Cleveland, Ohio 44102 ("the property").
{¶ 3} On June 25, 1997, plaintiff filed an action in foreclosure against the property to recover on the default judgment. The State of Ohio Department of Taxation and defendant were also named as new party-defendants. Defendant timely filed an Answer.
{¶ 4} On November 10, 1998, plaintiff filed a motion for summary judgment. Defendant filed a brief in opposition stating that he owned the property, not Dimon's, Inc., and that he was not made a party to the original complaint. On June 18, 1998, the trial court granted plaintiff's motion for summary judgment without opinion. The matter was then referred to a magistrate. On June 30, 1999, the magistrate rendered a decision in favor of plaintiff, which was adopted by the trial court on July 29, 1999.
{¶ 5} On or about October 12, 1999, the property was sold at Sheriff's sale; however, the buyer defaulted and the case was reinstated on September 9, 2000. On October 27, 2000, the magistrate issued a Supplemental Decision and granted default judgment in plaintiff's favor.
{¶ 6} On December 6, 2000, defendant, represented by other counsel, filed objections to the Supplemental Decision and moved to vacate the original order granting summary judgment pursuant to Civ.R. 60(B). Affidavits attached to the motion set out the foregoing facts and showed that defendant, the equitable owner of the property, was not a party to the original personal injury complaint and was unaware that the deed had not been transferred to him when he purchased the property in 1979. Defendant also alleged that he was unable to contact his former counsel and was not given a forwarding address. Finally, defendant alleged that he was told by his insurance company, Utica First Insurance, that it had retained Ulmer and Berne to represent him in the matter. On March 12, 2001, the trial judge overruled defendant's objections and denied his motion to vacate without hearing or opinion. It is from that decision that defendant now appeals and raises one assignment of error:
 {¶ 7} I. THE TRIAL COURT ERRED WHEN IT DENIED DEFENDANT-APPELLANT'S CIV.R. 60(B) MOTION TO VACATE WITHOUT A HEARING.
{¶ 8} In his sole assignment of error, defendant argues that the trial court erred in denying his motion for relief from judgment without first conducting an evidentiary hearing. Plaintiff maintains that the defendant was not entitled to a hearing because he did not meet two of the three prongs necessary for relief under Civ.R. 60(B). The issue here is whether the trial court erred in failing to conduct a hearing on the defendant's motion for relief from judgment.
{¶ 9} Civ.R. 60(B) provides in part:
 {¶ 10} On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation.
{¶ 11} As with any motion for relief, the proponent has the burden of proof:
 {¶ 12} To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." GTE Automatic Elec. v. ARC Industries, supra, paragraph two of the syllabus.
{¶ 13} A person filing a motion for relief from judgment under Civ.R. 60(B) is not automatically entitled to such relief nor to a hearing on the motion. Adomeit v. Baltimore (1974), 39 Ohio App.2d 97,104. The movant has the burden of proving that he is entitled to the relief requested or to a hearing on the motion. Id. Therefore, he must submit factual material which, on its face, demonstrates the timeliness of the motion, reasons why the motion should be granted, and that he has a defense. Id.
{¶ 14} If the movant files a motion for relief from judgment and it contains allegations of operative facts which would warrant relief under Civ.R. 60(B), the trial court should grant a hearing to afford the movant an opportunity to present evidence in support of the motion before it rules on the motion. Id. at 105; Coulson v. Coulson (1983),5 Ohio St.3d 12, 16. The failure of the trial court to do so would be an abuse of discretion. Ibid.; see, also, Kay v. Marc Glassman (1996),76 Ohio St.3d 18, 19-20; Matson v. Marks (1972), 32 Ohio App.2d 319,327.
{¶ 15} With these principles in mind, we hold the trial court abused its discretion when it overruled defendant's motion for relief from judgment without first holding an evidentiary hearing.
{¶ 16} The first part of the GTE test requires that a meritorious defense be presented. Here, defendant claims that Dimon's Inc. was not the owner of the property subject to the foreclosure action. He claims that he is the equitable owner of the property and that he was not a party to the original suit. These facts, if true, demonstrate that defendant has a meritorious defense to present since a judgment entered without proper service is void. State ex rel. Ballard v. O'Donnell
(1990), 50 Ohio St.3d 182.
{¶ 17} These facts, if true, also demonstrate that defendant may be entitled to relief from judgment under Civ.R. 60(B)(5).[1]
Subsection (5) is "intended as a catch-all provision reflecting the inherent power of a court to relieve a person from the unjust operation of a judgment." Caruso-Ciresi, Inc. v. Lohman (1983), 5 Ohio St.3d 64,66. It should only be applied to highly unusual and unfair circumstances. Defendant's allegations, if true, are a perfect example of when a Civ.R. 60(B)(5) motion should be granted because it would remedy a miscarriage of justice. See Rectenwald v. Mills (Nov. 18, 1983), Lucas App. No. L-83-191, unreported.
{¶ 18} Finally, as to the third prong, plaintiff argues that the motion to vacate was not filed within a reasonable time. Defendant maintains that it was filed six weeks after the Supplemental Magistrate's Decision of October 27, 2000. He has also alleged that his insurance company was supposed to represent him in this matter and that he is unsure of why it failed to enter him as a party in the original foreclosure action. Reasonableness is a mixed question of law and fact. It should be determined first by the trial court, which is in a far better position to weigh all the facts and circumstances, including the knowledge and opportunities available to the defendant and the prejudice, if any, to the plaintiff that would result from vacating the final order in her favor.
{¶ 19} For the foregoing reasons, the judgment of the trial court is reversed and the cause is remanded for further proceedings.
Judgment reversed and remanded.
It is ordered that appellant recover of appellee his costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
TERRENCE O'DONNELL, J., and DIANE KARPINSKI, J., CONCUR.
[1] Defendant does not specify which section he relies on. However, subsection (5) appears to be the only subsection available to him because his reasons do not neatly fit into one of the other categories, and because more than one year had passed from the judgment date.