CAUTELA BROS. CEMENT CONTRACTORS, APPELLEE, *v.*
MCFADDEN ET AL., APPELLANTS.

(No. 72AP-163—Decided October 10, 1972.)

*Messrs. Lucas, Prendergast, Albright, Gibson, Brown & Newman* and *Mr. W. James Hutchins,* for appellee.
*Mr. Martin S. Goldberg* and *Mr. Paul W. Brown,* for appellants.

STRAUSBAUGH, J. This is an appeal from an order by the Franklin County Municipal Court overruling a motion to vacate a cognovit judgment.

The record shows that a cognovit judgment was rendered on the note in question in the trial court on October 19, 1970, and a notation made as follows: "Notice of Judgment Mailed." The docket further shows that on November 18, 1970, certificates of judgment were filed in the Common Pleas Court of Franklin County; that orders for

the production of books and records were made on December 2, 1970, February 11, 1971 and February 22, 1971; that an affidavit in aid of execution was filed February 2, 1971; that orders were issued for the appearance of the judgment debtor on September 20, 1971 and October 21, 1971.

On December 30, 1971, the defendant filed a motion for relief from final judgment, a motion for leave to file an answer and cross-claim and a tendered answer with a cross-claim in which answer defendants denied indebtedness to the plaintiff and claimed the following:

"[The note signed] was induced by the fraudulent misrepresentations of the plaintiff, and was without consideration, in that the plaintiff failed to perform the services for which said note was rendered. Further, that the plaintiff obtained payment in full for all services which were performed and failed to give the defendant credit for said payments, and failed to cancel said note, but rather knowing that they had been paid in full, fraudulently took judgment on said note."

The trial court ruled as follows:

"* * * Judgment herein was rendered on a cognovit note, and proceedings in aid were filed on several occasions during the period from 10-19-70 to 12-1-71—this is a period which covers more than one year. There is also an indication that negotiation, discussion and meetings were held after the judgment was rendered. There seems to be no doubt that defendants were aware of the judgment and did nothing about it for more than one year. Defendants' motion is based upon fraud, misrepresentation, failure of consideration, and full payment of the note. Such defenses are inconsistent when read together, and there is a lack of continuity throughout the arguments of the defendants. This Court does not wish to deprive the defendants of any rights, claims, causes of action or relief and this Court, by this ruling, does not preclude or eliminate or adversely affect any of defendants' considerations in their business relations with this plaintiff. However, there appears to be no basis for the Motion to set aside and vacate the Judg-

ment, and accordingly, the defendants' motion is overruled. Exceptions of defendants are noted."

It is from this order of April 21, 1972, that defendants appeal. Defendants' assignment of error is that:

"The Municipal Court abused its discretion in failing to pass upon the tentative validity of the appellants' proffered defense; in failing to conditionally vacate the judgment taken under warrant of attorney; in failing to set for hearing the factual allegations of the alleged defense and in dismissing the appellant's motion for the relief prayed for."

Civ. R. 60 (B) provides:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation.

"The procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules."

It is within the jurisdiction of the trial court to make a determination as to whether defendants set forth sufficient grounds in their answer for relief from the judgment. Inasmuch as Civ. R. 60 (B)(3) provides for the making of the motion when based upon fraud, misrepresentation or other misconduct of the adverse party within a period

of not more than one year after judgment, the record is clear that insofar as that basis for relief, as stated in the motion, is of concern, it was not timely filed. However, the defendants set forth, in addition, the defenses of payment and failure of consideration. With respect to that part of the tendered answer relating to payment, the rule provides that the motion shall be made within a reasonable time. The record indicates that there was evidence before the trial court by way of affidavits and other documents that settlement negotiations were being conducted between the parties hereto during the time interval between the judgment and the filing of the motion. Depending upon the circumstances, the carrying on of settlement negotiations may extend the time normally considered reasonable in the initiation of a challenge to a cognovit judgment. The trial court did not address itself to the question of whether the motion was or was not timely filed. This it should have done with respect to the issues of payment and failure of consideration raised by the answer.

Defendants contend that plaintiff "fraudulently took judgment on said note" and also that they have valid defenses among which is that the note "was induced by fraudulent misrepresentation." As to the former, Rule 60 (B)(3) applies and relief from a judgment upon that ground is barred since the motion was not filed within one year after the judgment.

As to the latter, fraud in the inducement, the ground for relief from the judgment asserted is the existence of a valid defense to a cognovit judgment entered by confession upon a warrant of attorney without prior notice to the defendant. See *Matson* v. *Marks* (1972), 32 Ohio App. 2d 319. This ground for relief from judgment is pursuant to Civ. R. 60 (B)(5) and the one-year limitation does not apply.

For the reasons stated, the order is reversed and this cause is remanded to the trial court for further proceedings in accordance with law.

*Order reversed and remanded.*

WHITESIDE and REILLY, JJ., concur.