JOURNAL ENTRY AND OPINION
{¶ 1} Defendants-appellants AAL Industries ("AAL") and Louis Sulzer (collectively referred to as "AAL") appeal the trial court's decision denying their motion to vacate the judgment awarded to plaintiff-appellee Ian Abrams ("Abrams"). AAL contends that the trial court abused its discretion by failing to hold a hearing on their motion and by ultimately denying its motion. Finding no merit to this appeal, we affirm.
 {¶ 2} This case concerns the nonpayment of a commercial loan extended to AAL by Abrams. AAL and Abrams executed a cognovit promissory note which included a collateral guaranty and a personal guaranty signed by Sulzer for the loan amount of $30,000. Abrams filed a complaint upon the cognovit note on March 8, 2002, seeking to recover the remaining balance of $23,270.45 plus interest, for a total of $31,450.14. The complaint was accompanied by an answer confessing judgment by way of a warrant of attorney. On that same day, the trial court awarded Abrams cognovit judgment against AAL in the amount of $31,450.14, plus statutory interest and ordered AAL to pay costs.
 {¶ 3} On March 3, 2003, AAL filed a Civ.R. 60(B) motion for relief from judgment. In its motion, AAL argued that Abrams failed to give it credit for $27,716.57 in "scrap" material it provided to Abrams. As a result, AAL contended that the obligation to Abrams was satisfied. In support of its argument, AAL attached an affidavit of Sulzer and an undated computerized summary of the cost of the scrap material.
 {¶ 4} In response, Abrams argued that AAL's motion to vacate was untimely and, moreover, he denied that he owed AAL any additional credit. Abrams admitted by way of affidavit that he received a total value of only $6,729.55 in scrap, but he claimed such value was credited against the $30,000 loan made to AAL. Abrams further contended that AAL failed to produce any written agreement supporting it allegations.
 {¶ 5} The trial court denied AAL's motion for relief from judgment without holding a hearing.
 {¶ 6} AAL appeals, raising two assignments of error.
 Civ.R. 60(B) — Motion for Relief from Judgment {¶ 7} In its first and second assignments of error, AAL contends that the trial court abused its discretion by denying its Civ.R. 60(B) motion for relief from judgment and by failing to conduct a hearing prior to ruling on the motion. We disagree.
 {¶ 8} In order to prevail on a Civ.R. 60(B) motion, the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time and where the grounds of relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after judgment. GTE Automatic Electric v.ARC Industries (1976), 47 Ohio St.2d 146, paragraph two of the syllabus.
 {¶ 9} However, where the judgment sought to be vacated is a cognovit judgment, the party filing a 60(B) motion has a lesser burden. Because the defendant has never had a chance to be heard in cognovit proceedings, he should be given his day in court. In such a case, the movant need only demonstrate that the motion was timely made and that it has a meritorious defense. See MedinaSupply Co. v. Corrado (1996), 116 Ohio App.3d 847, 850-851;Davidson v. Hayes (1990), 69 Ohio App.3d 28; Society Natl. Bankv. Val Halla Athletic Club Recreation Ctr., Inc. (1989),63 Ohio App.3d 413.
 {¶ 10} The moving party does not have to prove its case on the motion, only that it had a meritorious claim or defense to assert. Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17,20; Moore v. Emmanuel Family Training Ctr. (1985),18 Ohio St.3d 64, 67; Meyers v. McGuire (1992), 80 Ohio App.3d 644, 646.
 {¶ 11} The decision whether to grant or deny a motion for relief from judgment pursuant to Civ.R. 60(B) is a matter within the sound discretion of the trial court, and the court's ruling will not be reversed absent an abuse of discretion. Griffey v.Rajan (1987), 33 Ohio St.3d 75, 77. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Hopkins v. Quality Chevrolet, Inc. (1992),79 Ohio App.3d 578, 581.
 {¶ 12} Whether a Civ.R. 60(B) motion is considered to be filed within a reasonable time depends upon the facts and circumstances of each case. Middletown v. Campbell (1984), 21 Ohio App.3d 63,65, citing, Colley v. Bazell (1980), 64 Ohio St.2d 243, 249-250;Cautela Bros. v. McFadden (1972), 32 Ohio App.2d 329. However, we have consistently recognized that filing a Civ.R. 60(B) motion for relief from judgment several months after the party received actual notice of the judgment and absent any explanation for the delay, is considered unreasonable. A. Packaging Serv. Co., Inc.v. Siml, (Sept. 21, 2000), Cuyahoga App. No. 77708 (over 10 months was unreasonable); Brackins v. Brackins (Dec. 16, 1999), Cuyahoga App. No. 75025 (waiting nearly a year to file motion was unreasonable); Mount Olive Baptist Church v. Pipkins Paints andHome Improvement Ctr., Inc. (1979), 64 Ohio App.2d 285, 289
(waiting seven months was unreasonable). See, also, Rindfleischv. AFT, Inc. (Oct. 30, 1997), Cuyahoga App. No. 71820, (finding a motion for relief from cognovit judgment filed nearly eighteen months after notice to be untimely).
 {¶ 13} Contrary to AAL's assertions, this court has explicitly rejected the argument that a Civ.R. 60(B) motion filed within a year is automatically deemed timely. See, Martinko v.Strongsville High School, (Mar. 28, 2002), Cuyahoga App. No. 80068. As we noted in Michael Benza Assoc., Inc. v. Lombardi,
(June 21, 1999), Cuyahoga App. No. 74418:
"* * * Civ.R. 60(B) specifies that motions filed pursuant toCiv.R. 60(B)(1) through (3) must be made not more than oneyear after the judgment, order or proceeding was entered ortaken. Significantly, however, the rule also orders that themotion must be made within a reasonable time. Thus, while aparty may have a possible right to file a motion to vacate ajudgment up to one year after the entry of judgment, themotion is also subject to the `reasonable time' provision.Adomeit v. Baltimore (1974), 39 Ohio App.2d 97, 106. In thisregard, the movant has the burden of proof, and must submitfactual material which on its face demonstrates thetimeliness of the motion. Id. at 103." (Emphasis added).
 {¶ 14} Although it appears AAL asserted a meritorious defense against the cognovit judgment, i.e. satisfaction of payment, we find it has failed to demonstrate that the motion for relief from judgment was timely filed. Here, notice was sent of the cognovit judgment on March 11, 2002 and received by AAL on March 18, but it waited until March 3, 2003 to file its Civ.R. 60(B) motion. In its motion, AAL argued that the motion was filed in a reasonable time because it was within a year from the date of judgment. AAL offered no other facts explaining the delay. Likewise, AAL provided no authority supporting the reasonableness of its delay.
 {¶ 15} As a result, we find that by application of the above authority, AAL's motion for relief from judgment was not filed within a reasonable time. Because AAL failed to demonstrate that its motion was timely filed, the trial court did not abuse its discretion by denying the motion. GTE, supra. Moreover, "the trial court has the authority to dismiss a Civ.R. 60(B) motion without first granting an evidentiary hearing when such motion is untimely filed." Bednar v. Bednar (1984), 20 Ohio App.3d 176, paragraph one of the syllabus. Accordingly, AAL's first and second assignments of error are overruled.
Judgment affirmed.
Michael J. Corrigan, P.J. and Sean C. Gallagher, J. Concur