JOURNAL ENTRY AND OPINION
{¶ 1} This appeal is before the Court on the accelerated docket pursuant to App.R. 11.1 and Loc. App.R. 11.1.
 {¶ 2} Defendant-appellant Dale Walters ("Walters") appeals from the judgment of the Cuyahoga County Court of Common Pleas which denied his Civ.R.60(B) motion for relief from judgment. For the reasons that follow, we reverse and remand
 {¶ 3} On April 18, 2003, plaintiffs-appellees Leonard and Susan Luszczynski ("the Luszczynskis") filed a complaint on a cognovit note against Walters. On the same day, the Luszczynskis also filed an answer confessing judgment against Walters. On May 1, 2003, the court entered judgment against Walters on the principal sum of $40,000, plus costs.
 {¶ 4} Approximately seven months later, on November 13, 2003, Walters filed a motion for relief from judgment asserting that the cognovit note was invalid and/or that the note had been paid in full or in the alternative, partially paid.
 {¶ 5} On December 11, 2003, the trial court denied the motion.
 {¶ 6} Walters appeals from this judgment and raises two assignments of error, which we will address together.
 {¶ 7} "I. The trial court erred in refusing to vacate the cognovit judgment when it refused to consider the appellant's meritorious defenses to the cognovit note, including the defenses of fraud, lack of consideration, and satisfaction of the debt.
 {¶ 8} "II. The trial court erred when it decided that appellant's motion to vacate cognovit judgment was not timely filed."
 {¶ 9} In these assignments of error, Walters argues that the trial court erred in denying his Civ.R. 60(B) motion for relief from judgment. He argues that his motion was timely filed and that he demonstrated a meritorious defense. We agree.
 {¶ 10} In general, in order to prevail on a Civ.R. 60(B) motion for relief from judgment, the moving party bears the burden to demonstrate that (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time. GTE Automatic Elec., Inc. v. ARC Industries,Inc. (1976), 47 Ohio St.2d 146.
 {¶ 11} However, where the judgment sought to be vacated is a cognovit judgment, the party need only establish a meritorious defense in a timely fashion. Medina Supply Co. v. Corrado
(1996), 116 Ohio App.3d 847, 850; Davidson v. Hayes (1990),69 Ohio App.3d 28; Matson v. Marks (1972), 32 Ohio App.2d 319,323-324. The decision whether to grant relief from judgment lies within the discretion of the trial court. Rose Chevrolet, Inc.v. Adams (1988), 36 Ohio St.3d 17, 20.
 {¶ 12} Here, the trial court denied Walters' Civ.R. 60(B) motion citing Abrams v. AAL Industries, Cuyahoga App. No. 82831, 2003-Ohio-6179. In Abrams, AAL filed its 60(B) motion two weeks short of one year after receiving notice of the cognovit judgment against it. This Court found that AAL's motion for relief from judgment, although asserting a meritorious defense, was not filed within a reasonable time. Specifically, this Court found that AAL had offered no facts explaining its delay in filing the 60(B) motion.
 {¶ 13} Here, Walters does offer an explanation for its delay in filing the 60(B) motion. Specifically, Walters' attorney states that he inadvertently misplaced and misfiled the cognovit judgment and accompanying documents after he received them in July 2003.
 {¶ 14} An attorney's negligence will generally be imputed to his client. GTE, supra at 150. However, collateral attacks on cognovit judgments, without prior notice, are "liberally permitted." Society Natl. Bank v. Val Halla Athletic Club Recreation Ctr., Inc. (1989), 63 Ohio App.3d 413, 418. Because the defendant has never had the chance to be heard in cognovit proceedings, he should be given his day in court. Abrams,
supra. Accordingly, we conclude that Walters' attorney's conduct should not be imputed to him and that his motion was filed within a reasonable time. See, also, Pence v. Smith (Nov. 7, 1994), Madison App. No. CA93-11-031. Therefore, the trial court's decision denying the motion because it was not timely filed was an abuse of discretion. BancOhio Natl. Bank v. Schiesswohl
(1988), 51 Ohio App.3d 130, 132. Next, we must determine if Walters met its burden to establish a meritorious defense. Walters need only allege a meritorious defense, not prove that he will prevail on that defense. Rose Chevrolet, supra at 20.
 {¶ 15} Here, Walters set forth operative facts showing that the cognovit judgment was entered in the wrong amount. Specifically, he claims that at most $33,700.89, rather than $40,000, is due and owing on the cognovit note. This assertion is supported by other documents in the record, and by the Luszczynski's own admission, and provides a valid defense to a cognovit judgment. See Souder Associates, Inc. v. Short StopConvenience Marts, Inc. (Aug. 24, 1976), Franklin App. No. 75AP-634 (the taking of a confessed judgment for more than the amount due constitutes grounds for relief from judgment under Civ.R. 60(B)). Accordingly, we hold that the trial court abused its discretion by denying Walters' motion for relief from judgment, and we sustain his first and second assignments of error. Ibid.
 {¶ 16} Judgment reversed and case remanded for further proceedings in accordance with the law.