IN RE RESIGNATION OF HAMILTON.

[Cite as *In re Resignation of Hamilton,* 104
Ohio St.3d 1218, 2004-Ohio-7150.]

(No. 2004–1838—Submitted November 30, 2004—Decided December 20, 2004.)

{¶ 1} On November 1, 2004, respondent, Jerome Robert Hamilton, Attorney Registration No. 0072177, last known business address in Beavercreek, Ohio, who was admitted to the Bar of this state on the 6th day of July, 2000, submitted an Affidavit of Resignation and Waiver pursuant to Gov.Bar R. V(11)(G)(1). The affidavit and waiver were referred to Disciplinary Counsel pursuant to Gov.Bar R. V(11)(G)(2). On November 15, 2004, Disciplinary Counsel filed under seal its report with this court in accordance with Gov.Bar R. V(11)(G)(2). Upon consideration thereof,

{¶ 2} IT IS ORDERED BY the court that pursuant to Gov.Bar R. V(11)(G)(3) the resignation as an attorney and counselor at law is accepted as a resignation with disciplinary action pending.

{¶ 3} IT IS FURTHER ORDERED AND ADJUDGED that from and after this date all rights and privileges extended to respondent to practice law in the state of Ohio be withdrawn; that henceforth respondent shall cease to hold himself forth as an attorney authorized to appear in the courts of this state; that respondent shall not attempt, either directly or indirectly, to render services as an attorney or counselor at law to or for any individuals, corporation or society, nor in any way perform or seek to perform services for anyone, no matter how constituted, that must, by law, be executed by a duly appointed and qualified attorney within the state of Ohio.

{¶ 4} IT IS FURTHER ORDERED that respondent desist and refrain from the practice of law in any form, either as principal or agent or clerk or employee of another, and hereby is forbidden to appear in the state of Ohio as an attorney and counselor at law before any court, judge, board, commission or other public authority, and hereby is forbidden to give another an opinion as to the law or its application or advise with relation thereto.

{¶ 5} IT IS FURTHER ORDERED that respondent surrender respondent's certificate of admission to practice to the Clerk of the court on or before 30 days from the date of this order, and that respondent's name be stricken from the roll of attorneys maintained by this court.

{¶ 6} IT IS FURTHER ORDERED, sua sponte, by the court, that within 90 days of the date of this order, respondent shall reimburse any amounts that have been awarded against the respondent by the Clients' Security Fund pursuant to Gov.Bar R. VIII(7)(F). It is further ordered, sua sponte, by the court that if, after the date of this order, the Clients' Security Fund awards any amount against the respondent pursuant to Gov.Bar R. VIII(7)(F), the respondent shall reimburse that amount to the Clients' Security Fund within 90 days of the notice of such award.

{¶ 7} IT IS FURTHER ORDERED that on or before 30 days from the date of this order, respondent shall:

{¶ 8} 1. Notify all clients being represented in pending matters and any co-counsel of respondent's resignation and consequent disqualification to act as an attorney after the effective date of this order and, in the absence of co-counsel, also notify the clients to seek legal service elsewhere, calling attention to any urgency in seeking the substitution of another attorney in respondent's place;

{¶ 9} 2. Regardless of any fees or expenses due respondent, deliver to all clients being represented in pending matters any papers or other property pertaining to the client, or notify the clients or co-counsel, if any, of a suitable time and place where the papers or other property may be obtained, calling attention to any urgency for obtaining such papers or other property;

{¶ 10} 3. Refund any part of any fees or expenses paid in advance that are unearned or not paid, and account for any trust money or property in the possession or control of respondent;

{¶ 11} 4. Notify opposing counsel in pending litigation or, in the absence of counsel, the adverse parties of respondent's disqualification to act as an attorney after the effective date of this order, and file a notice of disqualification of respondent with the court or agency before which the litigation is pending for inclusion in the respective file or files;

{¶ 12} 5. Send all such notices required by this order by certified mail with a return address where communications may thereafter be directed to respondent;

{¶ 13} 6. File with the Clerk of this court and the Disciplinary Counsel of the Supreme Court an affidavit showing compliance with this order, showing proof of service of notices required herein, and setting forth the address where the affiant may receive communications; and

{¶ 14} 7. Retain and maintain a record of the various steps taken by respondent pursuant to this order.

{¶ 15} IT IS FURTHER ORDERED that on or before 30 days from the date of this order, respondent surrender the attorney registration card for the 2003–2005 biennium.

{¶ 16} IT IS FURTHER ORDERED that until such time as respondent fully complies with this order, respondent shall keep the Clerk and the Disciplinary Counsel advised of any change of address where respondent may receive communications.

{¶ 17} IT IS FURTHER ORDERED, sua sponte, that all documents filed with this court in this case shall meet the filing requirements set forth in the Rules of Practice of the Supreme Court of Ohio, including requirements as to form, number, and timeliness of filings.

{¶ 18} IT IS FURTHER ORDERED, sua sponte, that service shall be deemed made on respondent by sending this order, and all other orders in this case, by certified mail to the most recent address respondent has given to the Attorney Registration Section.

{¶ 19} IT IS FURTHER ORDERED that the Clerk of this court issue certified copies of this order as provided for in Gov.Bar R. V(8)(D)(1), that publication be made as provided for in Gov.Bar R. V(8)(D)(2), and that respondent bear the costs of publication.

MOYER, C.J., RESNICK, F.E. SWEENEY, PFEIFER, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.