NUNC PRO TUNC OPINION[1]
[1] This Nunc Pro Tunc Opinion was issued to correct a clerical error contained in the original opinion released on June 29, 2006, and is effective as of that date.
{¶ 1} Defendant-appellant Central States Distribution, Ltd., ("appellant"), appeals the August 17, 2005 judgment of the Franklin County Municipal Court denying appellant's motion for relief from a May 13, 2004 cognovit judgment entered in favor of plaintiff-appellee, Star Leasing Company ("appellee"). For the following reasons, we affirm.
 {¶ 2} The following facts are pertinent to this appeal. On April 29, 2003, appellant executed an agreement leasing a refrigerated trailer from appellee. The agreement was prospectively dated July 22, 2003, and indicated that the trailer would be delivered to appellant on July 1, 2003. Contained within the lease agreement was a warrant of attorney to waive issuing service of process and to confess judgment.
 {¶ 3} On July 18, 2003, an employee of appellant was involved in a traffic accident that rendered the trailer unusable. Appellant reported the accident to its insurance carrier, which issued a settlement check jointly payable to appellant and appellee on November 26, 2003. This check was eventually deposited into a Bank One account of an entity affiliated with appellant, without appellee's endorsement. Subsequently, the parties disagreed as to the enforceability of the lease agreement and as to which party was entitled to the insurance proceeds. From March 2004 to May 2004, the parties engaged in negotiations to resolve the issues between them. Appellant asserted that it was not in default of any obligation and was relieved of any further liability under the lease because appellee did not provide a substitute trailer. Appellee asserted that it was entitled to the insurance proceeds for the casualty loss of the trailer and the balance of the sum due under the lease for rent of the trailer. The record indicates that on April 13, 2004, appellee communicated by correspondence to appellant that a lawsuit was forthcoming.
 {¶ 4} On May 13, 2004, appellee filed a complaint against appellant alleging that appellant breached the lease agreement. Appellee sought $6,591.33, which represented the balance of payments due under the lease agreement, $2,000 in attorneys' fees, plus costs and interest. Pursuant to the authority of the warrant of attorney contained in the lease agreement, an unrelated third-party attorney entered an appearance on behalf of appellant, waived the issuance of service of process and confessed judgment in favor of appellee. The trial court granted judgment in favor of appellee in the amount of $8,591.33, plus costs and interest. Additionally, the trial court noted in a stamped entry on the "half-sheet" that notice of judgment was mailed to appellant.[2]
 {¶ 5} At appellee's request, the trial court issued an order of garnishment directed at appellant's accounts with Bank One. On June 8, 2004, Bank One filed its answer to the order of garnishment stating it was not in possession of any of appellant's funds.
 {¶ 6} On January 18, 2005, appellee requested that the trial court issue an order to Todd Smith ("Smith"), appellant's managing member, to appear for a judgment debtor examination. Following the issuance of that order, Smith appeared at the trial court on February 16, 2005, for the judgment debtor examination. On February 24, 2005, appellee requested the issuance of execution against a trailer owned by appellant. On June 8, 2005, the writ of execution was personally served upon Smith.
 {¶ 7} On June 13, 2005, appellant filed a motion in the trial court, asserting that its trailer was exempt from execution and sought a hearing on the matter. Pursuant to appellant's request, the motion was set for hearing on June 24, 2005, but appellant failed to appear. The trial court determined that appellant's claim for exemption for the trailer was waived, and denied it. The court scheduled a public sale of the trailer for July 22, 2005.
 {¶ 8} On July 11, 2005, appellant filed a motion for relief from the May 24, 2004 cognovit judgment, pursuant to Civ.R. 60(B). In the motion, appellant asserted its motion for relief was timely because appellee did not seek aid in execution of the judgment until February 2005, and did not attempt to execute judgment until June 2005. Appellant stated in its motion:
As a practical matter, Defendant did not see any urgent need to seek Court intervention until Plaintiff took some terminal action, which had the effect of permanently altering its financial situation (e.g. property attachment etc . . .). Instead, Defendant was hopeful that Plaintiff would have simply acknowledged that its legal position was incorrect, and simply vacated the wrongful judgment on its own request. Alternatively, Defendant was hopeful that in lieu of execution, or further action, Plaintiff would have accepted some nuisance settlement to permanently resolve the situation.
 {¶ 9} Additionally, appellant asserted in its motion that it had a meritorious defense because it did not breach the lease agreement. According to appellant, when appellee failed to provide appellant with a replacement trailer, appellee terminated the lease, thereby relieving appellant from its obligation to pay the balance of the lease payment. In support of its motion, appellant attached a copy of the lease, copies of correspondence from its insurance carrier, a copy of the check for the insurance proceeds, and copies of correspondence between the parties, which evidenced their negotiations from March 2004 to May 2004.
 {¶ 10} On July 22, 2005, the trailer owned by appellant was sold at a public sale, and the proceeds of the sale were later distributed to appellee.
 {¶ 11} The trial court issued its judgment denying appellant's motion for relief from judgment on August 17, 2004. Therein, the trial court determined that appellant's motion was untimely and that appellant had not provided a sufficient reason justifying the delay. Additionally, the trial court analyzed the provisions of the lease agreement, and determined that appellant had not asserted a meritorious defense.
 {¶ 12} Appellant timely appealed, and asserts two assignments of error:
The Court Erred by Determining That Central States' Motion For Relief From Cognovit Judgment Was Untimely.
The Court Erred By Summarily Interpreting The Cognovit Lease To Determine That Central States Did Not Have A Meritorious Defense.
 {¶ 13} In order to prevail on a motion for relief from judgment pursuant to Civ.R. 60(B), a movant must demonstrate "(1) meritorious claim or defense; (2) entitlement to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) timeliness of the motion." Rose Chevrolet, Inc. v. Adams
(1988), 36 Ohio St.3d 17, 20, 520 N.E.2d 564, citing GTEAutomatic Electric v. ARC Industries (1976), 47 Ohio St.2d 146, 1 O.O.3d 86, 351 N.E.2d 113, paragraph two of the syllabus.
 {¶ 14} Although the standard set forth in GTE, supra, is modified in motions when applied to judgments entered by confession upon warrant of attorney and without prior notice,Precision Seed Co. v. Ebony Fuel, Inc., 10th Dist. No. 04AP-465, 2005-Ohio-752, at ¶ 7, it nevertheless remains true that a party seeking relief from a cognovit judgment must do so within a reasonable time. Fairchild v. Comgas, Inc. (Dec. 3, 1987), 10th Dist. No. 87AP-144; see, also, City NationalBank v. Malloy (Feb. 15, 1979), 10th Dist. No. 78AP-545. "What constitutes a reasonable time is dependent upon the fact[s] and circumstances of any particular case." Fairchild, citingCautela Bros. v. McFadden (1972), 32 Ohio App.2d 329, 332, 61 O.O.2d 506, 291 N.E.2d 539.
 {¶ 15} The question of whether a motion for relief from judgment pursuant to Civ.R. 60(B) should be granted is addressed to the sound discretion of the trial court. Rose Chevrolet,
supra, at 20. Therefore, our review is limited to whether the trial court abused its discretion. Strack v. Pelton (1994),70 Ohio St.3d 172, 174, 637 N.E.2d 914. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219, 5 OBR 481, 450 N.E.2d 1140.
 {¶ 16} We begin with appellant's first assignment of error. Therein, appellant asserts that the trial court erred in determining that its motion for relief from judgment was untimely. Specifically, appellant asserts that the trial court did not take into account that the judgment was cognovit in nature or that appellant did not become aware that judgment was rendered against it until January 2005, when it was served with a notice of the judgment debtor examination.
 {¶ 17} Appellant further argues that its motion for relief from judgment was brought within a reasonable time because the motion was filed only six months after appellee requested a judgment debtor examination in January 2005, which was the first time appellant became aware of the judgment, and only 34 days after a writ of execution was served in June 2005, the first time appellee had taken any action against appellant's property. Finally, appellant argues that it did not file the motion for relief from judgment earlier because it was engaged in settlement negotiations with appellee and did not want to endanger those negotiations with appellee by filing an "aggressive" motion with the trial court.
 {¶ 18} In response, appellee argues that appellant would have become aware of the cognovit judgment long before it received notice of the judgment debtor examination because it would have received notice of the judgment as demonstrated by the "half-sheet," and it would have received notice of the garnishment order from both Bank One and from the trial court. Appellee also argues that pursuit of a post-judgment settlement is not a reasonable excuse for a months-long delay in filing a motion for relief from judgment.
 {¶ 19} In the instant case, judgment was granted in favor of appellee without notice to appellant on May 13, 2004. The trial court indicated in the entry on its "half-sheet" that it mailed notice of the judgment to appellant on the same day.[3]
Appellant did not file its motion for relief from judgment until more than a year after judgment was entered, on July 11, 2005.
 {¶ 20} It is true that "[d]epending upon the circumstances, the carrying on of settlement negotiations may extend the time normally considered reasonable in the initiation of a challenge to a cognovit judgment." Cautela, supra, at 332; see, also,Fairchild, supra. However, the documents attached to appellant's motion for relief indicate that the parties were negotiating from March 2004 to May 2004, before the complaint was filed and judgment granted in favor of appellee. Although appellant states in its motion for relief without supporting affidavits or testimony that it engaged with appellee in negotiations on February 18, 2005, immediately after the judgment debtor examination, appellant also states without supporting evidence that it did not have any contact with appellee after February 18, 2005 until June 8, 2005. Thus, we find that these negotiations do not establish a reasonable delay in initiating the motion for relief.
 {¶ 21} By February 18, 2005, when Smith, as managing member of appellant, appeared for the judgment debtor examination, appellant was aware that appellee was instituting proceedings in aid of execution. Nevertheless, appellant delayed filing the motion for relief until July 11, 2005, only after appellee sought to obtain appellant's property in satisfaction of judgment. Even if we accept appellant's contention as to when it first received notice of the judgment, the sixth-month delay in filing the motion for relief was unreasonable.
 {¶ 22} Accordingly, we cannot say that the trial court's finding that the motion for relief was not timely filed was unreasonable, arbitrary, or unconscionable so as to constitute an abuse of discretion. Accordingly, appellant's first assignment of error is overruled.
 {¶ 23} Because we have determined that the trial court did not abuse its discretion in finding appellant's motion for relief untimely, appellant cannot meet the Civ.R. 60(B) standard. Consequently, appellant's second assignment of error is overruled as moot.
 {¶ 24} Having overruled both of appellant's assignments of error, we affirm the judgment of the Franklin County Municipal Court.
Judgment affirmed.
French, and Travis, JJ., concur.
[2] The "half-sheet" is the inside cover of the court file which contains notations on pleadings, motions, and judgments made by municipal court judges, bailiffs, and clerks.
[3] The trial court also indicated in its judgment on the motion for relief that the May 13, 2004 judgment "issued via certified mail to the parties on May 24, 2004." But a review of the record certified to this court fails to indicate that judgment was mailed to appellant either on May 13, 2004 or on May 24, 2004. However, this issue is irrelevant to our disposition of the appeal for the reasons stated in the opinion.