OPINION *Page 2 
{¶ 1} Defendant-appellant, Scott W. Spencer,[1] appeals from a judgment of the Franklin County Court of Common Pleas denying his motion to vacate the trial court's default judgment entry. For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 2} On February 3, 2004, Scotland Yard Condominium Association ("Scotland Yard") filed a foreclosure action against Mr. Spencer and his wife, Mary Lou Spencer, in case No. 04CVE-02-1252. Scotland Yard alleged that the Spencers failed to pay their condominium dues, thereby entitling it to foreclose a condominium lien. The Spencers were served with that complaint, and on March 15, 2004, they filed an answer and third party complaint, setting forth claims against Jeffrey M. Lewis ("Lewis"); Swedlow, Butler, Levine, Lewis Dye Co., L.P.A. ("Swedlow")[2]; Kenneth D. Sherman ("Sherman"); Pinnacle Technology Resources, Inc. ("Pinnacle"); Donnell R. Grubbs ("Grubbs"); Shayne 
Greenwald Co., L.P.A. ("Shayne Greenwald"); Dennis B. Ehrie, Jr. ("Ehrie"); John Does 1 through 25; and James Doe Corporations 1 through 25.
 {¶ 3} As to third-party defendants Lewis, Swedlow, Pinnacle, and Sherman, the third-party complaint alleged malicious harassment, abuse of process, extortion of Mr. Spencer, extortion of Mr. Spencer's attorney, coercion, and coercion of Mr. Spencer's attorney. The Spencers alleged tortious interference with contract by Lewis, Swedlow, Pinnacle, and Sherman, acting in concert with Grubbs and Shayne Greenwald. The Spencers alleged a conspiracy against all third-party defendants. Regarding third-party *Page 3 
defendant Ehrie, the Spencers alleged fraud, contribution, indemnification, and negligence.
 {¶ 4} On April 16, 2004, third-party defendant Shayne Greenwald filed an answer and counterclaim to the Spencers' third-party complaint. A copy of said answer and counterclaim was served upon the Spencers via regular United States mail. By its counterclaim, Shayne Greenwald sought a ruling declaring the Spencers vexatious litigators pursuant to R.C. 2323.52. The Spencers did not file an answer to Shayne 
Greenwald's counterclaim.
 {¶ 5} On May 12, 2004, Lewis, Swedlow, Pinnacle, and Sherman filed a motion for an order striking and/or dismissing the Spencers' third-party complaint pursuant to Civ.R. 14(A). On June 17, 2004, the trial court filed a decision and entry granting the May 12, 2004 motion of Lewis, Swedlow, Pinnacle, and Sherman, and thus dismissed the third-party complaint against those defendants.
 {¶ 6} On June 25, 2004, Shayne Greenwald moved for default judgment on its counterclaim against the Spencers. A copy of the motion for default judgment was served upon the Spencers via regular United States mail. The Spencers did not respond to the motion for default judgment. On October 19, 2004, the trial court filed an entry consolidating case No. 04CVE-02-1252 with case No. 04CVE-02-2003. On October 25, 2004, the trial court filed a "Default Judgment Entry" in case No. 04CVE-02-1252. In the default judgment entry, the trial court found that the Spencers had been duly served with Shayne Greenwald's counterclaim, that the court had jurisdiction over the parties and the subject matter of the action, and that both Mr. and Mrs. Spencer had not responded to *Page 4 
the counterclaim. Accordingly, the trial court found Mr. and Mrs. Spencer to be vexatious litigators pursuant to R.C. 2323.52. The default judgment entry indicates that a copy of said entry was sent to the Spencers.
 {¶ 7} On February 24, 2005, the trial court filed a journal entry of dismissal in case No. 04CVE-02-2003, and a scheduling order in case No. 04CVE-02-1252. The entry indicates that a pretrial conference was held on February 10, 2005, and that the Spencers advised the trial court of their intention of filing a motion seeking to vacate the default judgment entry filed on October 25, 2004, finding them to be vexatious litigators. By said entry, the trial court gave the Spencers leave to file any such motion no later than March 10, 2005, and permitted any party wishing to oppose that motion to do so within 14 days after any such motion by the Spencers.
 {¶ 8} On March 14, 2005, an agreed consent judgment entry between plaintiff Scotland Yard and the Spencers was entered. Also on March 14, 2005, the Spencers filed a motion for relief from judgment pursuant to Civ.R. 60(B)(5). In said motion, the Spencers alleged that the default judgment, finding them to be vexatious litigators, was void ab initio. According to the Spencers, they were never served a copy of Shayne 
Greenwald's counterclaim, and they first became aware of the counterclaim in late February 2005. The Spencers reasoned that judgment had been entered against them even though the trial court lacked personal jurisdiction over them, and, therefore, the default judgment was void ab initio. Affidavits of both Mr. and Mrs. Spencer were attached to the motion for relief. The Spencers' affidavits, which were notarized on *Page 5 
March 14, 2005,[3] both state that they first became aware of Shayne Greenwald's counterclaim in late February 2005. In addition, they both specifically averred that Shayne Greenwald's counterclaim was not served upon either of them.
 {¶ 9} On March 22, 2005, the trial court filed an entry concerning further proceedings on the motion of the Spencers. In said entry, the trial court explained how the court would address the motion and indicated that the Spencers were not permitted to file any reply memorandum in response to any filings in response to the Spencers' Civ.R. 60(B) motion. On April 4, 2005, Shayne Greenwald filed its memorandum in opposition to the Spencers' motion for relief from judgment pursuant to Civ.R. 60(B)(5), along with a motion for an order holding the Spencers in contempt of court.
 {¶ 10} On June 30, 2005, the trial court dismissed the Spencers' third-party complaint as to third-party defendant Ehrie.
 {¶ 11} On August 29, 2005, the trial court filed a decision and judgment entry denying Mr. Spencer's motion for relief from judgment, granting Mrs. Spencer's motion for relief from judgment, and denying Shayne Greenwald's motion for an order of contempt. The judgment entry declares Scott W. Spencer a vexatious litigator pursuant to R.C.2323.52, and orders him to comply with that statute and with the default judgment entry entered October 25, 2004.
 {¶ 12} Mr. Spencer filed his notice of appeal on September 28, 2005. On October 19, 2005, Shayne Greenwald moved this court for dismissal of the appeal on the basis that Mr. Spencer is a vexatious litigator and he had failed to seek leave of this *Page 6 
court to proceed prior to filing his notice of appeal. On October 26, 2005, Mr. Spencer filed a motion in this court to stay enforcement of the trial court's order and for leave to prosecute the instant appeal. By entry filed November 8, 2005, this court denied both Shayne 
Greenwald's motion to dismiss and Mr. Spencer's motion for a stay of the trial court's judgment. By said entry, this court also granted Mr. Spencer's motion for leave to prosecute the instant appeal. On January 6, 2006, and in view of bankruptcy proceedings, this court stayed the appeal pending release by the bankruptcy court and notification to this court. On March 30, 2006, this court lifted the stay of proceedings in view of notice that bankruptcy discharge had been granted by the bankruptcy court.
 {¶ 13} In his appellate brief, Mr. Spencer sets forth a statement of the issues presented for review but does not separately set forth a statement of the assignments of error presented for review, as required by App.R. 16(A)(3). In the interest of justice, we construe those issues as assignments of error. Accordingly, in this appeal, Mr. Spencer asserts the following twelve assignments of error:
 [I.] WHETHER THE TRIAL COURT ERRED WHEN IT FAILED TO SERVE WRITTEN NOTICE OF THE APPELLEE'S APPLICATION FOR JUDGMENT AT LEAST SEVEN DAYS PRIOR TO THE HEARING ON APPELLEE'S MOTION FOR DEFAULT JUDGMENT.
 [II.] WHETHER THE TRIAL COURT ERRED WHEN [IT] ORDERED APPELLANT COULD NOT AVAIL HIMSELF THE OPPORTUNITY TO REPLY TO APPELLEE'S MEMORANDUM CONTRA APPELLANT'S MOTION FOR RELIEF FROM JUDGMENT.
 [III.] WHETHER THE TRIAL COURT ERRED WHEN IT RULED THAT APPELLANT IS A VEXATIOUS LITIGATOR FOR REPEATEDLY ASSERTING THE SAME CLAIMS AGAINST LEWIS, SWEDLOW, PINNACLE AND GRUBBS. *Page 7 
 [IV.] WHETHER THE TRIAL COURT ERRED WHEN IT RULED APPELLANT'S CONDUCT IN ASSERTING CLAIMS AGAINST LEWIS, SWEDLOW, AND APPELLEE SERVED MERELY TO HARASS OR MALICIOUSLY INJURE ANOTHER PARTY TO THE CIVIL ACTION.
 [V.] WHETHER THE TRIAL COURT ERRED WHEN IT RULED THAT APPELLANT STATED CAUSES OF ACTION IN CASE NO. 04CVE-02-2003 AS THE BASIS OF ITS DETERMINATION THAT APPELLANT ASSERTED MULTIPLE LAWSUITS BASED ON THE SAME SET OF OPERATIVE FACTS.
 [VI.] WHETHER THE TRIAL COURT ERRED WHEN IT RULED THAT THE RIGHTS AND CLAIMS UNDER CASE NO. 03CVE-02-1973 BECAME THE PROPERTY OF THE BANKRUPTCY TRUSTEE, WERE COMPROMISED AND SETTLED, AND RELEASED AGAINST THE THIRD-PARTY DEFENDANTS.
 [VII.] WHETHER THE TRIAL COURT ERRED WHEN IT RULED THAT APPELLANT NO LONGER HAD ANY RIGHT TO PURSUE POST-PETITION CLAIMS AGAINST THE THIRD-PARTY DEFENDANTS.
 [VIII.] WHETHER THE TRIAL COURT ERRED IN [SIC] WHEN IT RULED THAT APPELLANT KNOWINGLY ENGAGED IN VEXATIOUS CONDUCT WHEN HE FILED THE THIRD PARTY COMPLAINTS IN CASE NOS. 04CVE-02-1252 AND 04CVE-02-2003.
 [IX.] WHETHER THE TRIAL COURT ERRED WHEN IT RULED THAT THE BANKRUPTCY TRUSTEE COMPROMISED AND SETTLED THE CLAIMS IN CASE NO. 03CVE-02-1973 IN ITS APRIL 19, 2004 ORDER APPROVING COMPROMISE OF CLAIM.
 [X.] WHETHER THE TRIAL COURT ERRED WHEN IT RULED THAT APPELLANT WAS A PARTY IN CASE NO. 04CVE-02-2003 AS A PREDICATE TO ITS FINDING THAT APPELLANT WAS A VEXATIOUS LITIGATOR.
 [XI.] WHETHER THE TRIAL COURT ERRED WHEN IT RULED THAT APPELLANT FAILED TO TIMELY SEEK RELIEF FROM THE DEFAULT ENTRY, HAVING MOVED FOR RELIEF LESS THAN A MONTH AFTER LEARNING *Page 8 
THAT DEFAULT WAS GRANTED AGAINST HIM, AND LESS THAN FIVE MONTHS AFTER DEFAULT WAS ISSUED.
 [XII] WHETHER THE APPELLEE INTENTIONALLY VIOLATED 11 U.S.C. § 362(a) BY ITS COMMENCEMENT OR CONTINUATION OF ITS COUNTERCLAIM SEEKING TO HAVE THE TRIAL COURT DECLARE APPELLANT A VEXATIOUS LITIGATOR WHILE APPELLANT WAS AND CONTINUES TO HAVE A VOLUNTARY CHAPTER 7 PETITION PENDING IN THE UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF OHIO, EASTERN DIVISION.
 {¶ 14} By his first assignment of error, Mr. Spencer argues that Civ.R. 55(A) was violated when he did not receive notice regarding Shayne Greenwald's application for default judgment or a hearing regarding that application. In that regard, Mr. Spencer argues that he has been denied due process. In his reply brief, Mr. Spencer notes that Shayne Greenwald's appellate brief does not address his argument regarding Civ.R. 55(A). Indeed, Shayne Greenwald's appellate brief does not address this procedural issue; instead, Shayne Greenwald focuses on the issues relating to whether the trial court abused its discretion in denying Mr. Spencer's Civ.R. 60(B) motion. Nonetheless, Shayne Greenwald's silence on this issue does not mandate a reversal of the appealed judgment of the trial court.
 {¶ 15} Civ.R. 55(A) provides, in pertinent part, as follows: "If the party against whom judgment by default is sought has appeared in the action, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application." By its terms, the pertinent part of Civ.R. 55(A), as quoted above, applies to a party who "has appeared in the action." Mr. Spencer asserts that, by his filing answers in case Nos. 04CVE-02-1252 *Page 9 
and 04CVE-02-2003, he appeared in the counterclaim action by the third-party defendant, Shayne Greenwald, for purposes of Civ.R. 55(A). Thus, according to Mr. Spencer, pursuant to Civ.R. 55(A), he, or his representative, should have been served with written notice of the application for judgment at least seven days prior to the hearing on such application. Mr. Spencer asserts that the record contains no indication of the required notice of Shayne Greenwald's application for default judgment or the hearing on Shayne Greenwald's application for default judgment. Mr. Spencer argues that the failure of the trial court to comply with the requirements of Civ.R. 55(A) denied him due process.
 {¶ 16} In his motion for relief from judgment pursuant to Civ.R. 60(B), Mr. Spencer argued that he was not served with the counterclaim, and, therefore, the default judgment was void ab initio for want of personal jurisdiction. Defendant also argued that meritorious defenses existed as to the vexatious litigator claim. However, Mr. Spencer did not raise the issue of whether he had properly received notice of the application for judgment pursuant to Civ.R. 55(A). Mr. Spencer's failure to raise that issue when he filed his Civ.R. 60(B) motion precludes him from now raising it in this appeal. Most simply, defendant has waived his argument that he did not receive sufficient notice, pursuant to Civ.R. 55(A), for purposes of this appeal. See National City MortgageCo. v. Johnson Associates Financial Services, Inc., Montgomery App. No. 21164, 2006-Ohio-2364, at ¶ 16 (finding that the failure to raise, in a Civ.R. 60(B) motion, the issue of whether the party received seven days prior written notice of the hearing on the motion for default judgment, as required by Civ.R. 55(A), waived that issue for purposes of appeal).
 {¶ 17} Accordingly, we overrule Mr. Spencer's first assignment of error. *Page 10 
 {¶ 18} In his second assignment of error, Mr. Spencer argues that the trial court denied him due process by not permitting him to file a reply memorandum in support of his motion for relief from judgment. Mr. Spencer contends that, had he been permitted to file a reply memorandum, he would have ensured that the trial court accurately understood bankruptcy law and the operative facts of his claims against Lewis and others.
 {¶ 19} In its entry filed February 24, 2005, the trial court indicated that Mr. Spencer, at a pre-trial conference, had stated an intent to file a motion seeking to vacate the default judgment entered on October 25, 2004. By said entry, Mr. Spencer and his wife were granted leave to file any such motion no later than March 10, 2005. The Spencers filed their motion for relief from judgment pursuant to Civ.R. 60(B)(5) on March 14, 2005. On March 22, 2005, the trial court filed an entry concerning further proceedings as to the Spencers' Civ.R. 60(B) motion. In said entry, the trial court indicated that Mr. Spencer and his wife were not permitted to file any reply memorandum in response to any filings in response to the Spencers' Civ.R. 60(B) motion.
 {¶ 20} In support of his second assignment of error, Mr. Spencer correctly notes that, pursuant to Civ.R. 7(B), a motion, unless made during a hearing or a trial, shall be made in writing. However, defendant incorrectly asserts that Civ.R. 8(A), (B), (C), and (D) required the trial court to permit his submission of a reply memorandum in support of his motion for relief from judgment. Civ.R. 8 provides the general rules of pleading in Ohio. A Civ.R. 60(B) motion for relief from judgment is not a pleading. See Yoakum v. Mclntyre, Columbiana App. No. 03 CO 63, 2005-Ohio-7083, at ¶ 38. Mr. Spencer also cites Loc.R. 11.05 of the Franklin County Court of Common Pleas, General Division, as *Page 11 
support for his assertion that the trial court was in error by not permitting him to file a reply memorandum in support of his motion for relief from judgment. Loc.R. 11.05 of the Franklin County Court of Common Pleas, General Division, simply specifies how "[a]ll motions, memorandum contra and replies shall be titled."
 {¶ 21} Based on the foregoing, we cannot conclude that the trial court erred in not allowing Mr. Spencer to file a reply memorandum in support of his motion for relief from judgment pursuant to Civ.R. 60(B). Therefore, we overrule Mr. Spencer's second assignment of error.
 {¶ 22} For ease of analysis, we will address Mr. Spencer's remaining assignments of error out of order. By his twelfth assignment of error, Mr. Spencer argues that "appellee's" vexatious litigator counterclaim action against him violated the automatic stay provision of Section 362(a), Title 11, U.S.Code. As quoted by Mr. Spencer, Section 362(a), Title 11, U.S. Code provides, in part, as follows:
 Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title * * * operates as a stay, applicable to all entities, of-
 (1) the commencement or continuation, including the issuance or employment of process, of a judicial, administra tive, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;
 (2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;
 * * * *Page 12 
 (6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title[.]
 {¶ 23} Mr. Spencer argues that Lewis asserted in an April 2005 affidavit that he decided to pursue a vexatious litigator designation for Mr. Spencer based on conduct that began in 1998. Apparently, Mr. Spencer is implying that Lewis pursued a vexatious litigator designation for him based on conduct that occurred before the filing of his petition for bankruptcy. Therefore, according to Mr. Spencer's reasoning, "appellee's" commencement of the counterclaim violates Section 362(a), Title 11, U.S.Code. Mr. Spencer's argument is unpersuasive because the counterclaim that resulted in the default judgment entry, finding him to be a vexatious litigator, was filed by appellee Shayne Greenwald, not Lewis. Thus, Mr. Spencer's twelfth assignment of error is overruled.
 {¶ 24} Mr. Spencer's third, fourth, fifth, sixth, seventh, eighth, ninth, tenth, and eleventh assignments of error all relate to the general issue of whether the trial court properly denied his motion for relief from judgment pursuant to Civ.R. 60(B). Mr. Spencer's eleventh assignment of error relates to the issue of whether his Civ.R. 60(B) motion was timely. The other assignments of error concern the issues of whether, for purposes of his Civ.R. 60(B) motion, Mr. Spencer alleged a meritorious defense to Shayne Greenwald's counterclaim alleging that he is a vexatious litigator and whether the trial court's analysis in that regard was erroneous.
 {¶ 25} Civ.R. 60(B) provides as follows:
 On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under *Page 13 
Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. A motion under this subdivision (B) does not affect the finality of a judgment or suspend its operation.
 {¶ 26} In order to prevail on a Civ.R. 60(B) motion, the moving party must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after the judgment, order or proceeding was entered or taken. GTE AutomaticElectric v. ARC Industries, Inc. (1976), 47 Ohio St.2d 146, paragraph two of the syllabus. Each requirement is independent of the others, and, therefore, the moving party must separately establish all three requirements of the "GTE test," or the Civ.R. 60(B) motion will be denied.
 {¶ 27} The decision to grant or deny a Civ.R. 60(B) motion lies within the trial court's discretion, and the decision will be reversed only for an abuse of discretion. Sain v. Roo, Franklin App. No. 02AP-448, 2003-Ohio-626, at ¶ 11, citing Oberkonz v. Gosha, Franklin App. No. 02AP-237, 2002-Ohio-5572, at ¶ 12. An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. Blakemore v.Blakemore (1983), 5 Ohio St.3d 217, 219. Most instances of an abuse of discretion result in decisions that are unreasonable, as *Page 14 
opposed to arbitrary and capricious. AAAA Enterprises, Inc. v. RiverPlace Community Urban Redevelopment Corp. (1990), 50 Ohio St.3d 157,161. A decision that is unreasonable is one that has no sound reasoning process to support it. Id.
 {¶ 28} As recognized by the trial court, Mr. Spencer set forth two main arguments, in his memorandum in support of his Civ.R. 60(B) motion, for why he was entitled to relief from the default judgment. First, Mr. Spencer argued that the trial court's default judgment was void ab initio for want of personal jurisdiction over him. Second, Mr. Spencer argued that he had a meritorious defense to Shayne Greenwald's counterclaim.
 {¶ 29} In its decision denying Mr. Spencer's motion for relief from judgment, the trial court determined that the court had personal jurisdiction over him when default judgment was entered against them, and, therefore, the default judgment was not void ab initio. The trial court also determined, as to Mr. Spencer, that he had not alleged a meritorious defense to Shayne Greenwald's counterclaim alleging that he is a vexatious litigator, and that his motion was not pursued within a reasonable time. On those bases, the trial court denied Mr. Spencer's motion for relief from judgment pursuant to Civ.R. 60(B)(5).
 {¶ 30} By his eleventh assignment of error, Mr. Spencer argues that the trial court erred in ruling that he failed to timely seek relief from the default judgment. In support of his eleventh assignment of error, Mr. Spencer seems to assert that, in the context of a motion for relief from judgment filed pursuant to Civ.R. 60(B)(5), if the movant alleges a meritorious defense, then that movant need not demonstrate that the motion was filed within a reasonable time. We disagree with that assertion. The moving party must meet *Page 15 
all three requirements of the "GTE test" for the motion to be granted.Rose Chevrolet, Inc. v. Adams (1988), 36 Ohio St.3d 17, 20.
 {¶ 31} In addition, Mr. Spencer argues that the trial court erroneously determined that he failed to timely pursue his motion to vacate. In support of this assignment of error, Mr. Spencer cites to his and his wife's affidavits in which they averred that it was not until late February 2005 that they discovered that a counterclaim seeking a declaration that they were vexatious litigators had been filed against them. Mr. Spencer argues that, considering the Civ.R. 60(B) motion was filed within approximately three weeks of late February 2005, i.e., March 14, 2005, and considering the trial court did not find that Mrs. Spencer's motion was not filed in a reasonable time, it cannot reasonably be argued that he did not file the motion in a reasonable time.
 {¶ 32} Regarding the resolution of Mrs. Spencer's motion, Mr. Spencer contends that, considering he and his wife jointly submitted the motion for relief from judgment pursuant to Civ.R. 60(B), he was denied equal protection of the law when the trial court essentially determined that Mrs. Spencer timely moved for relief from judgment but that he had not. Mr. Spencer asserts that he and his wife were seeking the same relief, with the same instrument, on the same day, and on the same basis. In essence, Mr. Spencer argues that the trial court, in violation of the Equal Protection Clause,[4] arbitrarily determined that Mrs. Spencer's motion was timely while his was not. We disagree.
 {¶ 33} Whether a Civ.R. 60(B) motion is filed within a reasonable time depends on the facts and circumstances of the particular case. SeeStar Leasing Co. v. Cent. States *Page 16 Distribution, LTD., Franklin App. No. 05AP-1007, 2006-Ohio-3509, at ¶ 14. Here, the trial court analyzed the factual circumstances of the filing of the motion for relief by Mr. Spencer and his wife. In its decision, the trial court provided a reasonable analysis to support its finding that Mr. Spencer had not pursued his motion for relief in a reasonable time. The trial court noted that Shayne Greenwald filed its counterclaim against the Spencers on April 16, 2004, that the party filed its motion for default judgment on June 25, 2004, and that the trial court entered default judgment on October 25, 2004. The trial court observed that Mr. Spencer did not contend in his affidavit, submitted in support of his motion for relief, that he never received Shayne Greenwald's motion for default judgment or the default judgment itself.[5] The trial court determined that, even assuming Mr. Spencer did not receive the counterclaim, his delay was inexcusable. The trial court reasoned that Mr. Spencer, as a party in the case and notwithstanding the fact that he was acting pro se, was obligated to periodically check the docket and take any necessary steps to address the vexatious litigator claim if so desired, particularly considering his legal training. The trial court concluded that, by ignoring the vexatious litigator issue in the case from at least June 2004 until late February 2005, Mr. Spencer was not entitled to relief from judgment.
 {¶ 34} The trial court, applying its discretion, did not hold Mrs. Spencer to the same standard of diligence as Mr. Spencer regarding the timeliness of the filing of the motion for relief from judgment. In its decision, the trial court made particular note that, at one time, Mr. Spencer was licensed to practice law in Ohio. Additionally, in its decision, *Page 17 
the trial court made the specific finding that the "common experience of mankind teaches that in making court filings here [Mrs. Spencer] relied upon her husband for guidance in these matters even though, under the law, Scott Spencer could not be her lawyer once he no longer was a member of the bar." (Aug. 29, 2005 Decision, at 15.)
 {¶ 35} Based on the foregoing, we conclude that the trial court's finding that Mr. Spencer's motion was not pursued within a reasonable time was not unreasonable, arbitrary, or unconscionable. We further conclude that the trial court's findings that Mr. Spencer's motion was not timely, but that Mrs. Spencer's motion was timely did not violate equal protection principles. Because Mr. Spencer failed to meet the requirements of the GTE test, he was not entitled to relief from judgment pursuant to Civ.R. 60(B). Therefore, the trial court did not err in denying Mr. Spencer's motion for relief from judgment. Accordingly, we overrule Mr. Spencer's eleventh assignment of error.
 {¶ 36} By his third, fourth, fifth, sixth, seventh, eighth, ninth, and tenth assignments of error, Mr. Spencer challenges the trial court's denial of his motion for relief from judgment for various reasons relating to whether he alleged a meritorious defense to the counterclaim alleging that he is a vexatious litigator. In disposing of Mr. Spencer's eleventh assignment of error, we determined that the trial court did not abuse its discretion in finding that the motion for relief was not timely filed. As noted above, a successful Civ.R. 60(B) motion must meet all three requirements of the GTE test. Because Mr. Spencer cannot meet the Civ.R. 60(B) standard, it is unnecessary to reach the issues of whether Mr. Spencer alleged a meritorious defense and whether the trial court's analysis in that regard was in error. Accordingly, Mr. Spencer's third, fourth, fifth, sixth, seventh, eighth, ninth, and tenth assignments of error are moot. *Page 18 
 {¶ 37} In summary, Mr. Spencer's first, second, eleventh, and twelfth assignments of error are overruled, and his third, fourth, fifth, sixth, seventh, eighth, ninth, and tenth assignments of error are moot. Therefore, the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
FRENCH and McGRATH, JJ., concur.
[1] At one time, Mr. Spencer was a lawyer admitted to practice law in Ohio; however, he resigned with discipline action pending in July 2003. See 07/15/2003 Case Announcements, 99 Ohio St.3d 1463,2003-Ohio-3717.
[2] The law firm is now known as Swedlow, Butler Lewis Co., L.P.A.
[3] Curiously, the certificate of service attached to the motion for relief indicates that a copy of the motion was served upon Shayne 
Greenwald on March 13, 2005, via regular United States mail. Thus, the Civ.R. 60(B) motion was served upon Shayne Greenwald before the affidavits supporting that motion were notarized.
[4] The Equal Protection Clause of the Fourteenth Amendment provides that no state shall deny to any person the equal protection of the laws. The Equal Protection Clause prevents states from treating people differently under its laws on an arbitrary basis. Harper v. VirginiaState Bd. of Elections (1966), 383 U.S. 663, 681, 86 S.Ct. 1079, 1089
(Harlan, J., dissenting).
[5] The certificate of service attached to Shayne Greenwald's motion for default judgment indicates that a copy of the motion was served upon the Spencers via regular United States mail approximately four months before the trial court entered default judgment. In addition, the default judgment entry indicates that a copy of the entry was sent to the Spencers. *Page 1